### HAGEN *versus* THOMPSON.

Cases carried from Justices Courts into the Circuit or County Courts, by *certiorari* or appeal, are triable *de novo* on their merits and equity; and a payment made after the rendition of a judgment by a magistrate, is available, without a special plea *puis darrein continuance.*

THIS action was commenced before a Justice of the Peace in Bibb county—taken to the County Court by *certiorari,* and thence by writ of error to the Circuit Court.

The Court was requested to charge the jury, that a payment after the rendition of judgment by the magistrate, could not be pleaded, except by plea *puis darrein continuance.* The Judge refused to give this charge, but instructed the jury that the defence of payment was good without such special plea. To this, exception was taken, and the case, by writ of error, brought into this Court.

Pickens, for Plaintiff.
Martin, *contra*—cited *Aikin's Digest,* 261.

By Mr. Justice Thornton:

This action was commenced before a justice of the peace, and was brought into the County Court of Bibb county, by *certiorari ;* where, during the trial, a bill of exceptions was signed. It was then taken by writ of error into the Circuit Court; and upon errors there assigned, the judgment of the County Court was affirmed : from which judgment, a writ of error is brought to this Court.

The assignment of error here, only embraces the matter originally excepted to in the County Court, which was the refusing, and giving of instructions to the jury, as disclosed in the bill of exceptions. The charge asked, was, to instruct, that if they believed from the testimony, that the defendant had proved no payment on the note declared on, except payments made after the commencement of the suit, and rendition of judgment by the justice of the peace, that the pleas of the defendant, pleaded in bar of the action generally, were not supported by such proof; that such defence could only be pleaded by way of plea of *puis darrein continuance ;* and that they must, in that event, return a verdict for the plaintiff. This, the Court refused—but charged, that if they believed

7

from the evidence, that the debt was satisfied, even
after such judgment rendered, and before the cause
was brought into that Court, that the defence was main-
tainable under the issues joined.

.After a case, from a Justice of the Peace, is brought
into the County or Circuit Court, whether by appeal,
or *certiorari*, it is to be tried *de novo*, as if it had ori-
ginated in that Court: and the validity of the pay-
ment here sought to be established, may be tested by
considering the case in that point of light. It seems
to be admitted, that by a proper form of plea, this de-
fence could have been availed: if it could, by any
plea to the action, technically pleaded, it is admissible,
we think, under the pleadings in this case; for, the
act requiring the cause to be tried on its merits, ac-
cording to the equity and justice of the case, upon an
issue to be formed under the direction of the Court,
has been often determined not to require critical ac-
curacy in the pleadings, either as it respects the state-
ment on the one hand, or the plea on the other. The
proceedings had before the magistrate, after the case
comes up for trial, *de novo*, whether by appeal or *cer-
tiorari*, are merely introductory to that trial, and may
be assimilated to mesne process, in an ordinary action.
Now, payment and satisfaction of the cause of action,
like a release, is available, though made pending the
writ.

From this view of the case, we think there is no
error, and that the judgment must be affirmed.