CASEY vs. CLEVELAND, et al.

1. A plea which begins in bar, though it may contain matter in abatement, and conclude properly, will be considered a plea in bar, and final judgment be given on it.

2. The act of the legislature, which declares, that all demurrers shall have the effect of general demurrers, was not intended to apply to demurrers to dilatory pleas.

Error to the Circuit court of Talladega county.

Assumpsit on a promissory note, tried before Judge Martin. Plaintiffs below declared in assumpsit on a promissory note, to which defendant plead (in bar) that he was a "permanent citizen and freeholder of Coosa county," &c.

Plaintiffs demurred to the plea, and the demurrer being sustained, judgment was rendered for the plaintiffs. The plea, it will be perceived, is contained at length in the opinion of the court.

*Peck*, for plaintiff in error.
*William B. Martin*, contra.

ORMOND, J.—To an action on the case on a promissory note, the plaintiff in this court, filed a plea in the following words:

"Micajah B. Casey,

ads.

"Cleveland & Stubblefield, use, &c.

"Comes the defendant, Micajah B. Casey, in his proper person, and says that the said Joseph Cleveland and

William Stubblefield, who sue to the use, &c. ought not to have and maintain their aforesaid action against him, in manner and form, &c. For this, that he says, at the time of the issuance of the said writ, he was, and ever since that time hath been, and yet is a permanent citizen and freeholder of Coosa county, and not subject to be sued in Talladega county; wherefore, he prays judgment," &c.—all of which he is ready to verify.

To this plea, there was a demurrer.

The court sustained the demurrer, and rendered judgment for the plaintiff below. From this judgment, a writ of error is prosecuted to this court.

The subject matter of this plea would certainly have been sufficient to abate the action, if it had been well pleaded. But according to the well established rules of pleading, it is not a good plea in abatement. A plea which begins in bar, though it may contain matter in abatement, and conclude properly, will be considered a plea in bar, and final judgment be given on it—(2 Saunders' R. 209, note 1; Littell's Select Cases, 269.)

That is precisely the predicament of this plea. It does not, at the commencement, seek to postpone the action, or give a better writ, but denies the right of the plaintiff to maintain his action. This stamps its character as a plea in bar; and though it afterwards proceeds to set out matter in abatement, it must, by the rules of law, be treated as a plea in bar. The reason of this strictness in regard to pleas in abatement is obvious;—it is against the policy of the law to encourage defences which do not go to the merits of the cause, but only serve to promote litigation.

Casey *vs.* Cleveland, et al.

It is, however, contended, that the act of the legislature disallowing special demurrers, will protect this plea, as the defect is only in its form.   But as it was not necessary to demur specially, to reach such a defect as this in a plea in abatement, it follows that the statute has no influence on it.

The act of the legislature, which declares that all demurrers shall have the effect of general demurrers, was not intended to apply to demurrers to dilatory pleas;—as that would defeat the object in view: which was to discourage defences which merely served to delay the proceedings, without reaching the merits of the cause.

Let the judgment be affirmed.