CRAWFORD ET ALS V. THE PLANTERS' AND MER-
CHANTS' BANK.

1. Where a notice was given by a Bank that a motion would be made for judg-
ment against four persons, and a judgment was taken against two only, and this
judgment set aside and the cause continued and at the next term a judgment
was taken against all four, without any other notice, the judgment against all
was erroneous, because there was no evidence that a motion was submitted at
the first term against the two who were not noticed in the first judgment.

ERROR to the Circuit Court of Mobile.

This was a proceeding by motion in the Court below, by
the Bank against William Crawford, P. T. Harris, H. G. Da-
vis and Thomas L. Starke, on a note payable to the Bank.
At the May term, 1841, the following entry was made:

*Planters' and Merchants' Bank* v. *W. Crawford and P.
T. Harris.*—Motion to set aside judgment at this term and to
continue the cause. Motion granted and cause continued.

At the succeeding term judgment was rendered as follows:

*The Planters' and Merchants' Bank of Mobile* v. *William
Crawford, Ptolemy T. Harris, Henry G. Davis, Thomas L.
Starke.*—This day came the Planters' and Merchants' Bank,
by its attorney, and moved the Court now here for judgment
against William Crawford, Ptolemy T. Harris, Henry G. Da-
vis and Thomas L. Starke, as makers of a certain promissory
note, &c. &c. It is therefore considered, &c. &c.

. Among other assignments of error are, "that the cause was
discontinued as to the defendants, Davis and Starke."

CRAWFORD, for plaintiffs in error.
GIBBONS, contra.

ORMOND, J.—In the case of Broughton v. The State Bank
[6 Porter, 48,] it was held that if no action is had upon a no-
tice that a motion will be made for a judgment at the term to
which the notice refers it had spent its force and cannot be af-

terwards acted on; and that to authorize a judgment on the notice at a succeeding term, it must be submitted to the Court at the term indicated in the notice and the motion continued. The same point was again thus ruled in Armstrong v. Robertson and Barnwell, [2 Ala. Rep. 164.]

It appears from the record that at the May term of the Court, 1841, a judgment was set aside and the cause continued.

The judgment which was set aside is not set out in the record and the only description is the motion to set it aside, where it is described as a judgment of the Planters' and Merchants' Bank against W. Crawford and P. T. Harris. From this it is a just inference that no judgment had been obtained at that term against the other two parties to the note and that no motion had been made on the notice as to them. The continuance of the cause will doubtless operate as a continuance of the motion as to those against whom the judgment was rendered, but cannot have that effect as to those against whom it does not appear that any judgment was rendered, or any motion made for judgment, as indicated by the notice.

The judgment was by default, and it should appear affirmatively in the record, that all against whom the judgment was rendered had notice of the intended motion. It is true, it is stated in the judgment of the Court that thirty days notice of the motion was proved to have been given to all the parties, but this must be held to refer to the motion intended to be made, and which appears to have been made against some of the parties at the preceding term. If the first judgment had been abandoned and a new notice given for judgment at the term at which a judgment was rendered against all the parties, there would be no propriety in connecting it with the first judgment. We can attain no other conclusion than that the notice referred to in the judgment of the Court, was the notice on which the first judgment was founded.

As, therefore, it does not appear that any notice was given to two of the parties to the judgment, the entire judgment is erroneous and must be reversed. But as it was entirely competent for the party to ask for judgment against any of those who had notice, the cause will be remanded that the plaintiff may proceed in any manner he thinks proper.