## ELMES & Co. v. McKENZIE.

1. In pleas in abatement, matters of form are regarded as substance; therefore where a plea to the jurisdiction, that the defendant was a resident free-holder of another county, contained a verification, and concluded to the country, it was held bad on demurrer.

2. The statute abolishing special demurrers, does not apply to pleas in abatement.

Error to the County Court of Autauga.

*Assumpsit*, by the plaintiffs in error, against the defendant in error, who in proper person pleaded in abatement, "that at the time the plaintiff's writ was executed upon him, that he was a citizen and free-holder of the county of Tallapoosa, and that he still resides in said county, and ever has, from the begining of the said action; all of which he is ready to verify and therefore he puts himself upon the country, whether the plaintiff should have or maintain the said action. Sworn to, &c.

JOHN McKENZIE."

To this plea, the plaintiffs demurred and the court overruled the demurrer, and thereupon the plaintiffs took issue on the plea, and verdict and judgment for the defendants.

The plaintiffs assign for error, the judgment on the demurrer,

PRYOR, for the plaintiff in error, cited 7th Porter, 445.

ORMOND, J.—The plea is defective in concluding to the country. Pleas to the jurisdiction should conclude with a verification. [1 Chitty's Pleading, 450.] It is true, that in the body of the plea, there is an offer to verify it, but the conclusion of the plea is to the country, which must be regarded as the tender of an issue to the country, as it could not be tolerated that a plea in abatement, should be framed so ambiguously as to leave it in doubt, whether it concluded with a verification or to the country. Matters of form are regarded as substance in pleas in abatement, and are not embraced in our statute abolishing special demurrers. [7 Porter, 445.] So, in England, the statute in relation to the assignment of causes of demurrer, has been held, not to apply to pleas in abatement. [2 M. and S. 484.]

Let the judgment be reversed, and the cause remanded.