## CRAWFORD, ET AL. v. BRANCH BANK AT MOBILE.

1. Under the act of December, 1841, a note payable to B. G. cashier, and described in a notice under the statute by the State Bank or Branch Banks, is sufficient to show that the title is in the Bank.

2. An objection taken at the trial to the notice, certificate, and note, is not sufficiently specific to reach a supposed defect of authority in the person serving and returning the notice.

3. Courts will, *ex officio*, take notice of the returns made by Bank agents, in the same manner as they do returns by sheriffs.

4. It is contrary to the duty of a clerk to transmit original papers pertaining to the cause below to this Court. Copies only should be sent.

Writ of error to the Circuit Court of Mobile.

Motion by the Bank, under the statute, against Crawford and David Files, for judgment for the amount of a promissory note, made by them and one R. G. Gordon, on the 31st of March, 1841, for 3,817 50-100 dollars, negotiable and payable at the said Bank, two hundred and fifteen days after date, payable to B. Gayle, cashier, or order. The defendants appeared, a jury was called, and sworn, to try the issue joined between the parties, and a verdict was returned upon which judgment was entered. No issue is found in the transcript, but a bill of

exceptions was taken to the opinion of the Court, entertaining jurisdiction of and rendering judgment in the cause, upon the evidence produced. This evidence consisted, 1st, of the notice by the president, describing the note substantially the same as previously stated, and to which notice is attached the certificate of the president of the *bona fide* ownership by the Bank of the note. This purports to have been executed and returned by Jacob J. Marsh, agent. 2. The note, such as has been previously described, which has no indorsement upon it. 3. The protest of the note. No other or further proof was offered to sustain the motion.

The defendants now assign as error:

1st. That it does not appear from the record, that the plaintiff has any legal title or interest in the note, for the amount of which judgment is rendered.

2d. That it was not proved to the Court below that Jacob J. Marsh was the agent of the Bank; nor was his hand writing proved.

CRAWFORD, *pro se.* cited McWalker v. Bank at Mobile, 3 Ala. Rep. 153, and Gildersleeve v. same Bank, decided at the same term, to the first assignment. As to the second, he insisted that Marsh was not a public officer, such as the Courts *ex officio* will recognize. Even a *pro tem.* president, is not such an officer. [Crawford v. the Bank at Mobile, June Term, 1844.]

DARGAN, contra.

GOLDTHWAITE, J.—The judgment of reversal which was given a few days since in this case, must be set aside, as it was grounded on the first assignment of error, and as to that our attention has been since called to an act, approved the 4th December, 1841, which provides, "that all notes, bills, bonds, or other evidences of debt held by the State Bank, or Branch Banks, payable to the cashier, or the person who has filled the office of cashier, of said Bank, or Branch Banks, may be sued and collected in the name of the several Banks, in the same manner, as if they had been made payable directly to the said Bank, or Branch Banks by which the paper has been taken or discounted. Also, that no notice, writ, declaration,

or judgment, which has been issued, filed, or rendered on such papers, shall be abated, set aside, or reversed, on account of the want of assignment, transfer, or indorsement of said paper by the officer or person acting as cashier. But the legal title to such paper, for all purposes of suit or collection, shall be deemed to have been in said Bank, or Branch Bank, by whom the paper was discounted." The case of McWalker v. The Bank, was determined at the June Term, 1841, and probably induced the enactment of the statute we have quoted. The statute'disposes of the question raised by the first assignment, for under its influence the description of the note as payable to B. Gayle, cashier, shows *prima facie* that the legal title was in the Bank.

2. With respect to the objection, that the person returning the notice was not shown to be the agent of the Bank, we are satisfied it cannot be raised in the manner, and at the stage of the proceedings that it was, even if the objection itself is of any value.

3. But as this seems a favorite subject of exception just now, and is presented on the record, it is proper to announce what our opinion upon it is. The act of 1841, (Clay's Dig. 118, § 86,) authorizes the State Bank and its several Branches to appoint an officer with this name, and his duty is to serve notices and writs, and perform other duties which hitherto have appertained to the office of sheriff. We purposely avoid the expression of any judgment, whether the appointment ·of such an officer can be conferred on the Banks, not because we have formed a contrary opinion, but, because it is highly probable, it will be made a question for our determination. As to his relation to the Courts, it does not seem to differ materially from that of any other executive officer, although it is certain he receives his appointment from a different source. We apprehend the foundation of the rule, that Courts of justice will *ex officio* recognize their own executive officers, as well as their official returns, does not rest upon any actual knowledge, either of the officer, or of his hand writing. It rests upon the necessity which exists for such recognition; and no inconvenience has ever been felt from thus placing it. It cannot, we think, be rationally supposed, that all the Courts have actual knowledge, either of the names or hand writing of the

49

several sheriffs in the State, and yet they are daily in the habit of receiving returns from them. If these were made by persons having no authority, we apprehend the acuteness of the bar, is amply sufficient to detect and prevent *them,* as well as to prevent the simulated act from being productive of injury to suitors.

4. Before dismissing this case, we are constrained to notice an act done by the clerk of the Court below, which we consider a plain departure from his duty as required by law. It is in sending up to this Court the original papers connected with the suit below. It is no valid excuse for such an act, that such papers are attached to the bill of exceptions; and independent of its irregularity, withdrawing the papers from their proper place of deposit may be of great inconvenience, if not of serious loss to suitors. In the case before us, we direct the clerk to retain all such papers as are records in the Court below, or otherwise appertain to the suit there. And also to deliver the original papers on application to those entitled to their custody.

Judgment affirmed.