| 11  | 549 |
| 106 | 309 |

# CALDWELL v. THE BRANCH OF THE BANK OF THE STATE OF ALABAMA AT MOBILE.

1. *Semble:* A plea in abatement is bad on demurrer for duplicity.
2. Where the writ is at the suit of the *Branch Bank at Mobile*, and the declaration in the name of the *Branch of the Bank of the State of Alabama at Mobile,* (the designation employed in the charter,) the variance is no ground of abatement; for if the names are not substantially the same, the writ may be amended on motion, so as to make it conform to the declaration.
3. A variance between the indorsement on the writ, and the declaration, is not pleadable in abatement.
4. Since the act of December, 1841, a note payable to the *cashier* of a bank may be sued on in the name of the corporation.

Writ of Error to the Circuit Court of Monroe.

THIS was an action of assumpsit at the suit of the defendant in error. The writ required the defendant to answer to the Branch Bank at Mobile, and the cause of action indorsed is a promissory note made by the defendant, and payable to "B. Gayle, Cashier, or bearer." The declaration is in the name of the "Branch of the Bank of the State of Alabama at Mobile," on a promissory note made by the defendant and delivered to the plaintiff, by which he promised to pay "B. Gayle, Cashier, or bearer," &c. negotiable and payable at the branch bank, by the name described in the declaration : and "then and there promised to pay the amount of said note to the plaintiff according to the tenor and effect thereof, yet disregarding his promise, &c.

In the record we find the following : "The defendant pleads in abatement in short by consent, the variance between the writ and declaration in this, that the writ is to answer to the Branch Bank at Mobile, and is declared upon in the name of the Branch of the Bank of the State of Alabama at Mobile ; and also in this, that the cause of action indorsed on the writ is made and signed by William Caldwell alone, and the declaration is upon a note made by William Caldwell,

together with one Squire Reed and Samuel G. Portis." This is signed by counsel, and demurred to by the plaintiff. The demurrer was sustained, and the defendant declining to plead over, judgment was rendered in favor of the plaintiff.

E. W. Peck, for the plaintiff in error. The plea in abatement is good, and should have been sustained. But if the plea is bad, the declaration discloses no cause of action on which the plaintiff can recover—the note being payable to "B. Gayle, Cashier," and the plaintiff showing no legal title to it. The act of 1837 does not entitle the bearer of such paper to sue thereon without showing an indorsement. [3 Ala. Rep. 153; 5 Id. 26.]

Leslie, for the defendant in error. Defects of form in pleas in abatement may be reached by general demurrer. [9 Port. Rep. 195; 5 Ala. Rep. 617.] Such a plea is bad, if it embraces two distinct matters of abatement. [6 Ala. Rep. 468.] A plea in abatement for a variance between the writ and declaration, should set out the writ on oyer. [9 Port. Rep. 195.] The statute entitles the bank holding a note payable to the cashier, to sue on and collect it in its own name. [Clay's Dig. 112, § 47.]

COLLIER, C. J.—It is certainly true that in pleas in abatement, matters of form are regarded as substance, and that the statute abolishing special demurrers does not apply to them. [5 Ala. Rep. 617.] In Cobb v. Force, Brothers & Co. the plea in abatement of an attachment, set up two distinct grounds of defence, viz., that the plaintiff had not executed a bond and made the affidavit as directed by the statute. This court said, "the rule is, that a plea is double when it states two or more facts, either one of which would constitute a defence." So it has been held that a variance between the indorsement on the writ and the declaration, cannot be pleaded in abatement; but if the plaintiff should declare in a cause of action entirely different from the indorsement on the writ, the court would on motion refuse to permit the declaration to be filed. [7 Ala. Rep. 829.] In Coalter v. Bell, 2 Stewt. & Port. Rep. 358, it was decided

that where the facts averred in a plea in abatement do not appear upon the record, affidavit should be made of their truth; and if they are not verified, a demurrer to the plea should be sustained. Perhaps the matter of the plea in the case before us may be considered as verified by a comparison of the writ with the declaration; but however this may be, is not the plea bad for duplicity? It insists that there is a variance between the writ and declaration; first, in the plaintiff's name; and secondly, because the cause of action indorsed on the writ, is not that declared on.

The name of the plaintiff it is believed is *substantially* the same both in the writ and declaration, and this is considered sufficient. [Ang. & A. on Corp. 510 to 516.] But if the variance be material, we think the fair inference is, that the name of the plaintiff in the writ was intended to be the same as that stated in the declaration according to the act of incorporation; that the writ may be amended on motion, and the mistake is no ground for abatement. In respect to the indorsement on the writ, we have seen that its variance from the declaration cannot be pleaded in abatement; if it could, we should regard it as wholly immaterial.

The cases cited by the counsel for the plaintiff in error, from 3 and 5 Ala. Reports, which decide that a bank cannot maintain an action upon a note payable to its cashier, without showing an indorsement were determined by the primary courts, and the former in this court previous to the passage of the act of December, 1841. The statute declares that all notes, &c. thus payable "may be sued and collected in the name of the several banks, in the same manner, as if they had been made payable directly to the said bank, or branch banks by which the paper has been taken or discounted." [Clay's Dig. 112, § 47.] In Crawford, et al. v. Branch Bank at Mobile, 7 Ala. Rep. 383, it was held under the act cited that a note payable to "B. Gayle, Cashier," authorized the branch bank to sue thereon, and the inference was, that it had the legal title. There is then no error in the record, and the judgment must be affirmed.