## DAVIS, et al. v. BRANCH BANK OF MOBILE.

1. The act of 1841, declaring, that a note payable to the cashier, may be sued on and collected as a note payable to the bank, applies equally to notes which were executed at the time of its passage, and to those which have been since made.

Error to the Circuit Court of Mobile.

JUDGMENT by motion of the defendant in error, against the plaintiffs in error. The parties appeared, and a judgment was rendered on the verdict of a jury, after which the judgment entry recites, "it is further ordered by the court, that the notice, together with the certificate of the commissioners

of the said branch bank, be filed as part of the record in this case."

A bill of exceptions taken by the defendants, recites, that the plaintiff produced a certificate, executed by Henry B. Holcombe, as attorney of the bank commissioners, together with the power of attorney from the bank commissioners, authorizing him to act, and proved the signatures thereto; these were objected to as insufficient, but the objections were overruled by the court. The defendants then moved the court to charge the jury, that in order to enable the plaintiff to recover, it was necessary to show that H. B. Holcombe was cashier of said bank, when the note was taken, or held by the bank, or that he has endorsed the same to the bank. The court refused to give this charge, and instructed the jury, that the allegations in the notice, were sufficient, and that it was not necessary to show that Holcombe was cashier, or that the note was indorsed by him. To which the plaintiffs excepted, and which they now assign as error.

DARGAN, for the plaintiff in error.

1. It does not appear that the court had jurisdiction, and this is necessary, although there was a trial by jury under the general issue. [Smith v. B. B. at Mobile, 5 Ala. R. 26.]

2. The note was executed after the passage of the act of 1841, (Clay's Dig. 112,) consequently, the act does not authorize suit without proof that the note belonged to the bank.

3. The charge, that the allegation in the notice is sufficient to show the bank could maintain the action, is erroneous.

LESESNE, contra.

1. The judgment is on a verdict, and it sufficiently appears that the court had jurisdiction.

2. There is no necessity that the motion for judgment should be made on any particular day of the term, unless the notice particularly specify a particular day. [Ticknor v. Br. B. at Montgomery, 3 Ala. R. 135.]

3. The third assignment of error is sufficiently answered by reference to the statute of Dec. 4, 1841, and the case of Crawford, et al. v. Br. B. at Mobile, 7 Ala. R. 383.]

4. The fourth assignment of error is founded on the supposed insufficiency of the certificate. The certificate was decided to be sufficient at the last term of this court in Colgin v. State Bank.

5 and 6. The fifth assignment is answered above; and the sixth by reference No. 3.

7. There was no further necessity of proof of title in the bank other than was furnished by the production of the note, which under the statute of December 4th, 1841, supplied all the necessary evidence of title.

ORMOND, J.—The case of The State Bank v. Colgin, at the last term, is decisive as to the sufficiency of the certificate of the bank commissioners, and of the power of attorney from them to him, to act.

It does appear from the record, that the certificate of Mr. Holcombe, as the agent of the commissioners, that the note was the property of the bank, was produced to the court, which is sufficient to give the court jurisdiction, within the authority of Smith v. The Branch Bank at Mobile, 5 Ala. 26.

The act of 1841 (Clay's Dig. 112, § 47) provides, that " all the notes, bills, bonds, or other evidences of debt, held by the State bank or branch banks, payable to the cashier, or the person who has filled the office of cashier, of said bank, or branch banks, may be sued, and collected in the name of the several banks, in the same manner as if they had been made payable directly to the said bank, or branch banks, by which the paper has been taken or discounted." The construction now for the first time attempted to be put upon this act, that it applies only to such notes, or other evidences of debt, as were then held by the bank, is wholly untenable. The intention of the legislature was to pass a general law, applicable to the bank, not only then, but in future. The phraseology upon which this criticism has been made, was employed by the legislature, to make the act apply to notes then held by the bank, and upon which suits had been commenced before the passage of the act; the second section providing expressly, that where such suits had been com-

59

menced, they should not be reversed for want of such transfer by the cashier, but that the legal title should be deemed to have been in the bank, when the paper was discounted.

From this it follows, that no proof is necessary on the part of the bank, beyond the production of the note, unless the execution of the note is denied by a sworn plea, any more than is necessary where the note is made payable to the bank directly. It is in legal effect the same, as if the note was thus made payable, and this has been the uniform construction of the act ever since its passage. [Crawford v. The Br. B. at Mobile, 7 Ala. 383.] It is urged, that the court certainly erred in instructing the jury, that the allegations of the notice established the right of the bank to sue in its own name; but although there may be a verbal inaccuracy in this, it could not possibly prejudice the defendant, as the court might, and should have instructed the jury, that no proof whatever was necessary under the pleadings, beyond the production of the note, and so in effect it did instruct them, in the concluding part of the same sentence; "that it was not necessary for the plaintiff to show, that Holcombe was the cashier, or that the note was indorsed to the bank." There is no error in the record. Let the judgment be affirmed.