## HART v. TURK.

1. In the trial of an appeal, in the circuit or county court, from a judgment of a justice of the peace, the appellate court is required, by the statute, to try the same, according to the justice and equity of the case, without regard to defects in the warrant, *capias*, summons, or other proceeding of the justice, before whom it was originally tried.

2. On an appeal from a justice of the peace, the amount of the recovery, and not the amount of damages, laid in the declaration, is to be looked to, to show the jurisdiction of the court.

3. Formal defects in pleas in abatement, are reached by general demurrer. The statute abolishing special demurrers, has no application to such pleas.

4. A plea in abatement must be verified by affidavit, where the facts averred, as the *gravamen* of the plea, do not appear on the face of the record, and if not so verified, a demurrer to it should be sustained.

5. The proper course for a plaintiff to pursue, where the defendant pleads at the same time in abatement, and in bar, is to move to strike out the former, or to treat it as a nullity.

Error to the County Court of Conecuh.

THE action in this case, was commenced in a justice's court, by plaintiff, against defendant in error. The warrant of the justice requires the defendant to answer to a demand for $99 27. At the trial, a judgment was rendered by the justice, in favor of the plaintiff, for $36 45, from which the defendant appealed to the county court. In the county court, the plaintiff filed his declaration, laying his damages at the sum of $100. The defendant pleaded—" 1. That the justice's summons shows that more than $50 were sued for, to wit, $99 27." 2. " That the debt for which the suit was brought, amounted, at the time, to more than $50." 3. The statute of limitations of three years. 4. Non-assumpsit. 5. Set-off. 6. Payment.

The plaintiff demurred to the first and second pleas, but the court overruled his demurrer, and thereupon issue was joined upon all the pleas. It does not appear, from the record, that the pleas which were demurred to, were verified

by the defendant.   The ruling of the court is now assigned
as error.

WATTS & JACKSON, for plaintiff in error.

1.  The demurrer to the first and second pleas should have
been sustained, because, in pleas in abatement, matters of
form are regarded as substance.   The statute abolishing spe-
cial demurrers, does not apply to pleas in abatement.   Elmes
& Co. v. McKenzie, 5 Ala. 617.

2.  It is the amount of the recovery, and not the sum
claimed, which settles the question of jurisdiction.   Cothran
et al. v. Wier, 3 Ala. 24.

3.  Filing the general issue, and other pleas to the merits,
waives the plea to the jurisdiction of the court.   Wilson v.
Oliver, 1 Stew. 46 ;  Tomb. Bank v. Draughan, 1 ib. 66.

4.  When a case is moved from a magistrate's court, to the
county or circuit court, it must be tried on its merits *de novo*,
without regard to any defect in the proceedings before the
justice.   Carter et als. v. Douglas, 2 Ala. 499 ; also, Slanten
v. Apperson, decided at the present term of the court.

5.  The plea to the jurisdiction should have been filed at
the time of trial in the justice's court.   That objection can-
not be made for the first time in the county court.   Slanten
v. Apperson, *supra.*

No counsel for defendant.

COLLIER, C. J.—The act of 1819, declares, that in cases
of appeals from judgments of justices of the peace, the court
before which such appeals shall be brought, shall proceed to
try the same, according to the justice and equity of the case,
without regarding any defect in the warrant, *capias*, sum-
mons, or other proceeding of the justice of the peace, before
whom the case was tried.   We have always considered this
a very beneficial enactment, and instead of restricting its
terms, have given to them a just and liberal interpretation.
Perry v. Brown, Minor's Rep. 57; Gayle v. Turner, ib. 204;
Spann v. Boyd, 2 Stew. Rep. 480; Rutledge v. Rutledge,
ib. 400 ; Hagan v. Thompson, 2 Port. Rep. 48; Harrison v.

Dannelly, 5 Port. Rep. 513; Munf v. Harding, 6 ib. 121; McCrory v. Smith, 1 Ala. Rep. 157.

In Cothran et al. v. Weir, 3 Ala. Rep. 24, the damages in the statement filed on appeal to the county court, were laid at $100. This court said, "it is the amount of the recovery, and not the sum claimed, which settles the question of jurisdiction." So in Bentley et al. v. Wright, 3 Ala. Rep. 607, it was held, that an appeal should not be dismissed by the circuit court, because the judgment of the justice of the peace was for a sum beyond his jurisdiction; it was added, that if the defendant controverted the authority of the justice, he should have pleaded in abatement, that the suit was instituted before a tribunal having no jurisdiction of the case.

It has been repeatedly decided by this court, that the act of 1824, abolishing special demurrers, does not apply to pleas in abatement, and that formal defects in such pleas are reached by general demurrer. Elmes v. McKenzie, 5 Ala. Rep. 617; Casey v. Cleveland et al. 7 Port. Rep. 445.

In Coalter v. Bell, 2 Stew. & P. Rep. 358, it was decided, where the facts averred in a plea in abatement do not appear upon the record, an affidavit should be made of their truth; and if they are not verified, a demurrer to the plea should be sustained. See also Olds v. Sargent, 1 Stew. Rep. 37; Caldwell v. Br. Bank Mobile, 11 Ala. Rep. 549.

The proper course for the plaintiff to pursue, where the defendant pleads both in abatement and bar, is, to move to strike out the former, or to treat it as a nullity—as tacitly waived or superseded by a plea to the merits. Wilson v. Oliver, 1 Stew. R. 46; Cleaveland et al. v. Chandler, 3 Stew. Rep. 489; Sadler v. Fisher's adm'r, 3 Ala. Rep. 200.

The first plea alleges, that the summons issued by the justice, shows, that more than $50 were sued for; to wit, $97 27. In the second, it is averred that the amount for which the suit was brought, was more than $50 at the time the suit was instituted. The first plea is defective, if for no other reason, in making the summons, the test by which the question of jurisdiction is to be determined. We have seen, that the defects in the proceedings before the justice, cannot prejudice a trial on the merits in the circuit or county court, and they will not be looked to as furnishing an *indicia* of the

amount sought to be recovered.　These remarks are applicable to the second plea, which assumes the want of jurisdiction, by a reference to the sum for which the suit was brought.　In addition to these defects, both pleas are altogether objectionable, in not being pleaded with the appropriate beginning and conclusion, as well as the want of an affidavit of their truth.　Such a mode of verification is indispensable, as their truth is not affirmed by any part of the record, to which we are permitted to refer.　The judgment is consequently reversed, and the cause remanded.