## BURDINE *vs.* GRAND LODGE OF ALABAMA.

[ACTION ON COMMON MONEY COUNTS.]

1. *Judicial notice of free-masons as charitable corporation.*—The courts of this State will take judicial notice of the fact, that the society of free-masons is a purely charitable corporation.

2. *Competency of corporator as juror, and as witness for corporation.*—The society of free-masons being a purely charitable corporation, a member of the society cannot be said to have the smallest pecuniary interest in the event of a suit to which the society is a party; consequently, he is a competent juror, and a competent witness for the society.

3. *Variance in description of corporation.*—The society of free-masons in this State being incorporated by the name of the "Most Worshipful Grand Lodge of Ancient Free-masons of. Alabama and its Masonic Jurisdiction," and suing by that name, a charter granted by the "Grand Lodge of the State of Alabama," authorizing the persons to whom it is directed "to form themselves into a regular lodge of ancient free-masons, by the name of Yorkville Lodge No. 131," sufficiently appears to have been issued by said corporation, and the misdescription does not amount to a material variance.

APPEAL from the Circuit Court of Pickens.
Tried before the Hon. A. A. COLEMAN.

THIS action was brought by the "Most Worshipful Grand Lodge of Ancient Free-masons of Alabama and its Masonic Jurisdiction," against James T. Burdine. The complaint contained the common count for money had and received, and another on an account stated. The pleas were—1st, the general issue ; 2d, payment ; and, 3d, that the plaintiff never was a corporation authorized to sue on said causes of action. Before the trial was commenced, as the bill of exceptions shows, the defendant challenged for cause two of the jurors, who were shown to be members of subordinate lodges established under the authority of said grand lodge ; and reserved an exception to the overruling of his objection. On the trial, the plaintiff offered in evidence an instrument of writing, which was proved.

to be sealed with the seal of said grand lodge, and signed by D. Clopton, grand-master, P. Williams, deputy grand-master, S. H. Dixon, senior grand-warden, Geo. W. Gaines, junior grand-warden, and A. P. Pfister, grand-secretary, in the following words :

"We, the Grand Lodge of the State of Alabama, to all the enlightened, passed and raised, to whom these presents shall come, greeting : Know ye, that by the high power vested in us, we do hereby authorize and empower the following well-beloved brethren," (naming seven persons,) "residing at or near Yorkville, in the county of Pickens, State of Alabama, to form themselves into a regular lodge of ancient free-masons, to be opened at Yorkville, by the name of Yorkville Lodge No. 131.; and we do hereby empower the above-named brethren and their successors, with their constitutional number, to assemble and open a legal lodge, to confer the degrees of entered apprentice, fellow-craft, and master-mason, to admit members, and to do all other business appertaining to said degrees ; conforming in all their doings to the by-laws of their lodge, and the constitution and by-laws of the Grand Lodge of the State of Alabama ; for which purpose this shall be their sufficient warrant or charter. Given under our hands, and the seal of the Grand Lodge, at Montgomery, this 4th December, A., L. 5851."

(Signed and sealed as above stated.)

The plaintiff offered this document in evidence " to show that Yorkville Lodge No. 131 was under the jurisdiction of said grand lodge ;" and the court admitted it for that purpose, against the defendant's objection, and he excepted to its admission. The plaintiff also read in evidence its charter of incorporation, as found in Clay's Digest, pp. 374–5 ; and then offered one Payne as a witness, who testified, on voir dire, "that he was a member of said grand lodge, and master of Yorkville Lodge No. 131." The defendant objected to the competency of said witness, and reserved an exception to the overruling of his objec-

tion. The testimony of Payne was to the effect, that the defendant had been treasurer of Yorkville Lodge No. 131, and was indebted to said lodge for a balance of money in his hands as such treasurer. The rulings of the court above stated, with others which require no particular notice, are now assigned as error.

TURNER REAVIS, for appellant.—1. It is one of the oldest maxims of the law, that a jury must be indifferently chosen ; and that not only the smallest pecuniary interest, but even favor or bias towards a party, disqualifies a juror. Finch's Law, pp. 399–402 ; 3 Bla. Com. 363, m. p.; *Hesketh v. Braddock*, 3 Burr. 1856–7 ; *Lynch v. Horry*, 1 Bay, 229 ; *Davis v. Allen*, 11 Pick. 466 ; *Wood v. Stoddard*, 2 Johns. 194 ; *Page v. Railroad Co.*, 1 Foster, 438. The jurors objected to could not have been unbiased, indifferent, or disinterested ; for the corporation suing, of which they were members, is not only authorized to hold property, and to sue for money or other property, but "to do all other things concerning the estates and moneys of the lodge,"—an authority which would empower the members to divide among themselves the very money recovered in this case. It is, in effect, the case of one of the parties to a suit sitting as a juror on its trial.

2. For the same reasons, Payne was not a competent witness for the plaintiff; being really an integral part of the corporation, and giving evidence for himself. As a member of the corporation, the judgment would be evidence for or against him in any subsequent suit between him and any other members, for an account of the money, debts, and estate of the corporation ; and in the event of a dissolution of the corporation, he would be entitled to a share of the very money recovered in this suit.—Code, §§ 1489–90, 2651.

3. The instrument offered in evidence, as the charter of Yorkville Lodge No. 131, ought not to have been admitted. A corporation can only act in and by its corporate name. The charter of the subordinate lodge, therefore, emanated

from some other body than the plaintiff; or, if granted by the plaintiff, was an unauthorized act.

E. W. PECK, *contra.*—1. The plaintiff is a purely charitable corporation, as this court must judicially know, even if the fact were not apparent on the face of its charter. The corporation being charitable, its members are competent jurors and witnesses.—1 Greenl. Ev. §§ 332–3; *M. E. Church v. Wood*, 5 Ohio, 283; 3 Phil. Ev. pp. 58–60, note 37; *Purple v. Horton*, 13 Wendell, 22.

2. No specific objection was made to the charter of the subordinate lodge; no material variance or misdescription of the corporation is shown by it; and it does not lie in the defendant's mouth, after acting under the charter, and receiving the money belonging to the lodge, to question the authority of the charter.

STONE, J.—It is certainly a good and wholesome rule, which should be strictly regarded, that any pecuniary interest, even the smallest, in the event of the suit, will disqualify a person from serving on the jury charged with its trial. This rule is necessary as a protection to the public interest, and as a guaranty of that purity and integrity in the administration of the law, which alone can inspire respect for, and confidence in our judicial tribunals.—*Russell v. Hamilton*, 2 Scam. 56; *Lynch v. Horry*, 1 Bay, 229; *Wood v. Stoddard*, 2 Johns. 194; Finch's Law, 399; *Hesketh v. Braddock*, 3 Burr. 1856; *Davis v. Allen*, 11 Pick. 466; *Brittain v. Allen*, 2 Den. 120; *Page v. Railroad Co.*, 1 Foster, 438; 3 Black. Com. 363.

If, however, the society of free-masons is, in its financial policy, purely eleemosynary, or charitable, then the members of the grand lodge, as such, cannot be said to have any pecuniary interest in the result of the suit; and no other ground of challenge against these jurors being shown, the ruling of the circuit court, on the hypothesis stated, would be free from error.—*Com. v. O'Neil*, 6 Gray, 343; *M. E. Church v. Wood*, 5 Ohio, 283; 1 Greenl. Ev.

31

§ 333 ; *Nason v. Thatcher*, 7 Mass. 398 ; Phil. Ev., Cow. & Hill's Notes, (edition of 1850,) vol. 3, pp. 58-9.

The society known as free-masons has long existed in this country, and in almost or quite every part of it. The purpose and objects of the society have been made public in numerous books, periodicals, and public addresses. From all these sources of information, and from the generally received and accredited judgment of the public, the sole purpose and object with which masonic institutions acquire money and property, beyond their current expenses as a society, (furniture, lights, fuel, stationery, and the like,) are for the bestowal of reliefs and charities to the needy. In addition, the 3d and 4th sections of the act to incorporate masonic lodges in the State of Alabama, tend to confirm the belief that the society is eleemosynary in its aims. Under these circumstances, we hold, that we will take judicial notice, that the grand and subordinate lodges of free-masons within the State of Alabama constitute a charitable or eleemosynary corporation.—*Mayor of Wetumpka v. Winter*, 29 Ala. 660 ; *Salomon v. The State*, 28 Ala. 88 ; *Dozier v. Joyce*, 8 Por. 303 ; *Lampton v. Haggard*, 3 Mon. 149 ; *Jones v. Overstreet*, 4 Mon. 547 ; *Floyd v. Ricks*, 14 Ark. 293 ; *Stephen v. State of Georgia*, 11 Ga. 241 ; *Duncan v. Littell*, 2 Bibb, 424 ; *Sterne v. The State*, 20 Ala. 43 ; *Ward v. The State*, 22 Ala. 16.

It results from what we have said above, that the circuit court rightly overruled the several objections to the jurors and to the witness.

[3.] It is also urged, that the circuit court erred in admitting in evidence the charter of, the subordinate lodge, because of, a variance between the corporate name of the grand lodge of free-masons as found in the act of incorporation, and that by which it granted the charter to the subordinate lodge.

In the leading case of the *Mayor and Burgesses of Lynn*, (10 Rep. 124,) it is said, that " variances *in syllabis et verbis*, and not *in sensu et re*, are not material." It is further stated, as the rule for determining *when* the variance is im-

material, that *the descriptive words used shall import the certain and true name of the corporation.* In *Newport Mechanics' Manf. Co. v. Starbird,* (10 N. H. 125,) it is intimated· as sufficient, "if there is enough expressed to show that there is such an artificial being, and to distinguish it from all·others." In the case of *Doe, on demise of Mayor,* &c., *of Waldon v. Miller,* (1 Barn. & Ald. 699,) the declaration stated a demise by "the mayor, aldermen, capital burgesses and commonalty *of the borough town of· Waldon.*" The act of incorporation· given in· evidence named the corporation "the mayor, aldermen,·capital burgesses, and commonalty of *Waldon.*" ' The court of king's bench ruled the variance immaterial.—See, also, *Mayor, &c., of Stafford v. Bolton,* 1 Bos. & Pul. 43; *Inhab. of Middletown v. McConnice,* Pennington, (N. J.)·500, in margin ; *African Society v. Varick,* 13 Johns. 38 ; *Midway Cotton Manf. v. Adams,* 10 Mass.·360·; *Inhab. v. String,* 5 Halst. 323 ; *Milford and Chil. Turnpike Co. v. Brush,* 10 Ohio, 112·; *Minot v. Curtis,* 7 Mass. 444 ; *Hagerstown Turnpike Road v. Creeger,* 5 Har. & Johns. 122.

In the case from 10th New Hampshire Reports, cited *supra,* it was said, that "the·alteration or transposition of a word in the name [of a natural person] frequently makes an entirely different name ; while the name of a corporation frequently consists of several descriptive words, and the transposition of them, or an interpolation, or omission, or alteration of some of·them,·may make no essential difference in the case."

In *Smith v. Plank-road Co.,* (30 Ala.·663,) we said, "There is a well-marked distinction between a misnomer, which incorrectly *names* a corporation, but *correctly describes* it, and the statement in the pleading of an entirely different party."—See, also, *McWalker v. Branch Bank,* 3 Ala. 153 ; *Crawford v. Bank,* 4 Ala. 313 ; *Smith .v. Br. Bank,* 5 Ala. 26 ; *Hancock v. Br. Bank,* ib. 440 ; *Snelgrove v. Br. Bank,* ib. 295 ; *Crawford ·v. Br. Bank,* 7 Ala. 383 ; *Caldwell v. Br. Bank,* 11 Ala. 549 ; *Davis v. Br. Bank,* 12 Ala. 463 *Com. Bank v. French,* 21 Pick. 486 ; Angell on Corporations, §§ 98 *a,* 101, 645, *et seq.*

The name of the plaintiff below, as expressed in the act by which it was incorporated, is the "Most Worshipful Grand Lodge of Ancient Free-masons of Alabama, and its Masonic Jurisdiction." The charter which was issued to the subordinate lodge, to the admission of which in evidence exception was reserved, is in the name of "the Grand Lodge of the State of Alabama," is directed to certain persons by name, and authorizes them "to form themselves into a regular lodge of ancient free-masons, by the name of Yorkville Lodge No. 131." These marks of identification, we hold, sufficiently show that the charter was issued by the "Most Worshipful Grand Lodge of Ancient Free-masons of Alabama," and the only variance consists in the omission of some words, making no essential difference in the name. We think the corporation was identified by words sufficiently descriptive to let it in as evidence; and, hence, we hold, that in this matter the circuit court did not err.

Affirmed.