# Savannah, Americus & Montgomery Railway v. Buford.

*Action against a Railroad Company to recover Damages for Injury to Land resulting from Wrongful Construction of Embankment.*

1. *Plea in abatement; when sustaining demurrer harmless error.—* Where a defendant in a suit interposes a plea in abatement on the

[Savannah, Americus & Montgomery Railway v. Buford.]

ground of a misnomer, and a demurrer to such plea is sustained, the ruling sustaining the demurrer, if there was error therein, is rendered harmless by the plaintiff amending his complaint by inserting the true name of the defendant.

2. *Same; amendment of complaint; misnomer.*—Where, in an action against a railroad company, the defendant is described in the complaint as the "Savannah, Americus & Montgomery Railroad Company," it is not error to permit the plaintiff to amend the summons and complaint by describing the defendant as the "Savannah, Americus & Montgomery Railway," which was its true name; such amendment not being an entire change of the party defendant, but a mere correction of a part of the corporate name.

3. *Assessment of land for taxation as evidence of value not admissible.*—The valuation of land by the tax assessor for the purpose of taxation, in which the owner did not participate, but which was made by the assessor alone, is not admissible as evidence of its value in an action to recover damages for injury to said land

4. *Easement for flow of water from upper lands upon lower; liability for damage in obstructing such flow.*—Where two parcels of lands belonging to different persons lie adjacent to each other, and one parcel lies lower than the other, the upper parcel has a natural easement or servitude in the lower for all waters falling or accumulating from natural causes on the surface, or which naturally run through it; and any interference of this right, or obstruction of it by the owner of the lower parcel of land by the erection of an embankment on such lands, whereby the waters are thrown back upon the upper tract or their natural flow diverted, is an interference with the rights of the owner of the upper land; and the builder of such an embankment or obstruction is liable for the damages resulting therefrom.

5. *Same; liability of railroad company for building embankment.*— Where a railroad company, in the construction of an embankment upon its right-of-way, stops up the ditches or channels which drained the surface water from the lands adjacent to its right-of-way, in consequence of which said lands were over-flowed with surface water, the railroad company is liable to the owner of said lands for damages resulting therefrom.

6. *Same; same; statute of limitation.*—Where a railroad company, in the construction of an embankment along its right-of-way, obstructs a ditch or channel which drains lands adjacent thereto, in consequence of which said lands are subsequently flooded with surface water, the legal injury to the owner of the land is coincident with the overflow of the land caused by the embankment, giving the owner thereof a cause of action for damages; and the statute of limitations begins to run from the time the injury actually occured, and not from the time of the construction of the embankment.

APPEAL from the Circuit Court of Macon.
Tried before the Hon. N. D. DENSON.

This action was brought by the appellee, Annie E. Buford, against the Savannah, Americus & Montgomery Railway, to recover damages for injury to the plaintiff's land, by reason of the overflow of surface water thereon, which was alleged to have been caused by the construction by the defendant of its railway, across the plaintiff's land; and the suit was instituted on August 12, 1892. As originally brought, the action was against the "Savannah, Americus & Montgomery Railroad Company." The defendant filed a plea in abatement, alleging that it was sued by a wrong name, and that its real name was the "Savannah, Americus & Montgomery Railway." The plaintiff demurred to this plea, which demurrer was sustained. Subsequently the plaintiff amended her complaint by leave of the court by striking out the words "Railroad Company" and inserting in lieu thereof "Railway." To the ruling of the court allowing this amendment the defendant duly excepted. The defendant then moved the court to strike the cause from the docket, on the ground that the amendment made an entire change of the party defendant. This motion was overruled, and the defendant duly excepted. The defendant then filed the pleas of the general issue, and of the statute of limitations of one year, and issue was joined on each of these pleas.

The evidence, as shown by the bill of exceptions, tended to show that the defendant company built and constructed an embankment, upon which was laid its track, upon its right-of-way, which ran upon the plaintiff's land; that in the construction of this embankment it stopped up one of the ditches that drained the surface water from the plaintiff's land, and that in consequence of this enbankment some time in the spring of the year 1892, during the months from March to July, the land of the plaintiff overflowed with surface water, and caused the injuries complained of. The road was built and completed, and was in operation before July 1, 1891. After the plaintiff had introduced testimony in reference to the value of her land, the defendant offered to introduce, as evidence of the value of said land, the assessments which had been made of said lands for taxes. It was shown that these assessments had been made by the tax assessor from the tax assessor's books for each preceding year. The plaintiff objected to the introduction in evidence of

the assessments, which objection was sustained by the court, and the defendant duly excepted. Upon the introduction of all the evidence, the defendant requested the court to give the following written charges, and separately excepted to the court's refusal to give each of them as asked : (1.) "The defendant had the right, by ditches or otherwise, to cause the water to flow on the lands of plaintiff, which, in the absence of such ditches, would [not] have flowed in a different direction. As to the water accustomed to flow on the lands of the plaintiff before doing the work, which is alleged to be injurious, defendant was not bound to remain inactive. The defendant was permitted to so ditch its right of way and road-bed as to drain them, provided it did so with prudent regard to the welfare of plaintiff, and provided it did no more than concentrate the water, and cause it to flow more rapidly and in greater volume on the plaintiff's land." (2.) "If the jury believe from the evidence that the embankment was built across plaintiff's lands, and the railroad was built thereon prior to August 12, 1891, then their verdict must be for the defendant." (3.) "The statute of limitations of one year began to run from the time the embankment was built, which caused the overflow and washing of the lands, although no actual overflow or washing may have occurred until within one year before the bringing of this suit." (4.) "If the embankment which caused the damage complained of was erected prior to August, 1891, then the plaintiff can not recover in this cause."

There was judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

ROQUEMORE & WHITE, for appellant.—There was error in the court sustaining the demurrer to the plea in abatement, and also in allowing the complaint to be amended by changing the name of the original defendant. In this case the change was made in the name of the defendant, and not in its description ; and this change was not so "slight a departure" as to be immaterial.—*Railway Co. v. McCall*, 89 Ala. 375 ; *Railroad Co. v. Mallon*, 57 Ala. 168 ; *Railroad Co. v. Davis*, 66 Ala. 578 ; *Ga. Pac. R. Co. v. Propst*, 83 Ala. 524 ; *Beene v. Railroad Co.*, 3 Ala. 660 ; *Railroad Co. v. Sistrunk*, 85 Ala. 356 ; *Ex parte Nicrosi*,

[Savannah, Americus & Montgomery Railway v. Buford.]

103 Ala. 104.

. 2. The refusal of the court to allow the defendant to introduce in evidence, as to the value of the lands injured, the tax lists of the plaintiff's lands for the year the injury sued for was done, and for several years previous thereto was erroneous. This evidence was competent as to the value of the land, though not conclusive.

The expression in *Railroad Co. v. Smith*, 89 Ala. 305, and substantially repeated in *Ala. Min. Land Co. v. Commissioners of Perry Co.*, 95 Ala. 105, that the valuation made by the assessor for the purposes of taxation, in which the owner does not participate, is inadmissible, is unquestionably correct, on well settled principles, but has no application to this case in our view of it. Undoubtedly, if we had sought only to have introduced the assessment for any one year, which had been made by the tax assessor, and in no way adopted or ratified by the plaintiff, it would have been inadmissible; but such is not our case. We sought to introduce the assessments for 1892 and several years previous, all of which had been ratified by plaintiff, in allowing them to stand, and paying taxes under them.—*Hughes v. Anderson*, 68 Ala. 280.

3. The proper exercise of a rightful power, gave the plaintiff the right to sue immediately, although she may have only been entitled to recover nominal damages; the right of action having accrued immediately on the improper construction of the work, the statute of limitations began to run from that time.—*Governor v. Gordon*, 4 Ala. 75; *Mardis v. Shackelford*, 15 Ala. 507; *Burden v. Stein*, 25 Ala. 455; *Cummings v. Barnett*, 10 Cush. 191; *Stein v. Ashby*, 24 Ala. 521; *Adams v. Robinson*, 65 Ala. 590; Wood on Lim. of Actions, 177, 178, 179, notes; *Wilcox v. Plummer*, 4 Peters 172; *Argall v. Bryant*, 1 Sanford (N. Y.) 98; *Snedicor v. Davis*, 17 Ala. 480; *Power v. Munger*, 51 Fed. Rep. 705; Gould on Waters, 214, and notes 4 and 5, § 401.

NORMAN & SON, *contra.*—1. The demurrer to the plea in abatement was properly sustained. The defect in the corporate name of the appellant was amendable.—*Ga. Pac. R. Co. v. Propst*, 83 Ala. 524, and authorities cited; *Singer Mfg. Co. v. Greenleaf*, 100 Ala. 272; Code of 1886, § 2833.

[Savannah, Americus & Montgomery Railway v. Buford.]

2. The court properly excluded the tax returns from the jury as evidence of the valuation of the land.—*Bir. Min. R. R. Co. v. Smith,* 89 Ala. 305.

3. The first charge asked and refused by the court asserted three propositions, and if any of these propositions is wrong, then the court rightly refused to give the charge.—*Preston v. Dunham,* 52 Ala. 217; *Slater v. Carter,* 35 Ala. 679; *Beaver v. Taylor,* 93 U. S. 46. The first proposition contained in said charge is wrong. It entirely ignores the doctrine taught by the maxim *sic utere tuo ut alienum non laedas.—Stein v. Burden,* 29 Ala. 127; *Railway Co. v. Mossman,* 90 Tenn. 157, s. c. 25 Amer. St. Rep. 670. The second proposition contained in said charge is abstract. The third proposition is abstract, and under the law governing erection of embankments for road beds by railroads asserts an incorrect proposition. The appellant was authorized to properly erect an embankment across appellees land for the purpose of making a road bed for its trains, but was required to do this in such a way as not to injure land on either side of such embankment.—*Hughes v. Anderson,* 68 Ala. 283; *Railway Co. v. Mossman,* 90 Tenn. 157, s. c. 25 Amer. St. Rep. 670.

4. The statute of limitations began to run from the time of the injury to appellee by the overflow and not from the time of the erection of the embankment, filling the ditch, &c.—*Polly v. McCall,* 37 Ala. 20; *Rountree v. Brantley,* 34 Ala. 544. The statute began to run when the cause of action accrued—Code of 1886, § 2612—and this did not accrue until plaintiff sustained some damage. 7 Waits Actions & Defenses, 263; *Bank of Hartford v. Waterman,* 26 Conn. 324; *Whitehouse v. Fellowes,* 10 C. B. (N. S.) 765.

BRICKELL, C. J.—A corporation must sue and be sued by its proper corporate name; the name by which it is styled in the law of its creation, or the name which it may have acquired by user. In this respect, the same rules of pleading are applied, which would apply if the suit was by or against a natural person. If the corporation sues or is sued by a wrong name, the only mode of taking advantage of the misnomer, is by a plea in abatement, and if that mode is not resorted to, the error is waived.—1 Morawetz Corp., § 355; Ang. & Ames Corp.,

§ 650 *et seq; Smith v. Plank-Road Co.*, 30 Ala. 650.   It is merely elementary to say that the plea must negative the fact that the corporation was known and called by the name by which it sues or is sued, and must aver its true, real name, the name by which it may rightfully sue or be sued.   This is of the essence of all such pleas, otherwise the plaintiff would not be furnished with the means of correcting the error—in the language of the old books a better writ would not be given him, and there might be repetition of such pleas, to the delay of justice and the multiplication of costs.

The plea is formally and accurately drawn.   It negatives the fact that the defendant was ever known and called by the name of the "Savannah, Americus & Montgomery Railroad Company," the name by which it was sued, and avers that its true and real corporate name, is the "Savannah, Americus & Montgomery Railway." The causes of demurrer to the plea which were assigned, if any were assigned, are not shown by the record.   It is probable, the demurrer was sustained upon the theory that there was not a substantial variance between the name by which the defendant was sued, and that which was averred in the plea as to the true name.   Whether this is true or not, is not now a matter of importance. The complaint was amended by the insertion of the true corporate name, as it was expressed in the plea, and if there was error in sustaining the demurrer to the plea, the amendment rendered it harmless.   If the demurrer had been overruled, the result would have been to put the plaintiff to the necessity of an amendment.—*Ala. Conference v. Price*, 42 Ala. 39 ; *Smith v. Plank-Road Co.*, 30 Ala. 650, *supra; Caldwell v. Bank*, 11 Ala. 549.

The statutes of amendment are very broad ; they are remedial, and have received a liberal construction.—Code, §§ 2691, 2833.   The purpose of the statutes is to promote speedy trials on the merits, and to save the delay and injury incident to the common law rules of procedure, by which errors in pleading were often fatal, compelling the institution of a new suit.   The right of amendment is now co-extensive with the errors in pleading which may be committed.   There are, however, certain rules which must be observed, and certain limits which can not be transcended.   The form of action may not be changed ; there can not be an entire change of

the cause of action, nor an entire change of parties plaintiff or defendant. Either of these things, would be the equivalent of the institution of a new suit, rather than the correction of defects or errors of pleading in the suit which was pending. It seems to us, it is quite an error to suppose that the mere change of the name of a party, natural or artificial, though such party may be a sole plaintiff or defendant, can be an entire change of parties. It was very properly observed in *Smith v. Plank-Road Co.*, 30 Ala. 650, *supra*, in which there was by amendment a correction of a misnomer of a corporation, the sole party plaintiff, "that there is a well marked distinction between a misnomer, which incorrectly *names* a corporation, but correctly describes it, and the statement in the pleading of an entirely different party." And it is upon this distinction, rests the case of *Western Railway v. McCall*, 89 Ala. 375, to which we are referred. There was in that case more than a mere *misnomer;* there was an incorrect description of the corporation. To the misnomer there was added the descriptive averment that the corporation sued was "a foreign corporation, incorporated under the law of the State of Georgia, and doing business by its agents in said county of Lowndes, State of Alabama." The amendment of the complaint proposed was. the striking out the original name, and the descriptive averment, inserting in lieu a new name, and describing the defendant as a domestic corporation; a corporation incorporated under the law of this State. The court observed : "The departure in this case is so radical—a substitution of an Alabama corporation, having an expressed name, for a Georgia corporation, having another and distinctly different name—that we feel bound to hold that it is a change of the sole party defendant." The later case of *Singer Manufacturing Co. v. Greenleaf*, 100 Ala. 272, is of more analogy to the present case. The corporation was sued by a wrong name ; by the name of the "Singer Machine Company," the true name being the "Singer Manufacturing Company." The correction of the misnomer by amendment of the complaint was decided to be proper. The court said : "There was not an entire change of party, but only a correction of a part of the corporate name, which had been misconceived. We do not think the change was calculated to deceive or mislead." In the case of

*Caldwell v Branch Bank of Mobile*, 11 Ala. 549, a case occurring before our present statute, when the right of amendment was more circumscribed, the original writ described the plaintiff as the "Branch Bank at Mobile," the true corporate name being the "Branch of the Bank of the State of Alabama at Mobile." The declaration was filed in the true corporate name, but the variance between the writ and the declaration was pleaded in abatement, and to the plea a demurrer was sustained. The court said: "The name of the plaintiff, it is believed, is *substantially* the same both in the writ and the declaration, and this is considered sufficient. But if the variance is material, we think the fair inference is, that the name of the plaintiff in the writ was intended to be the same as that stated in the declaration according to the act of incorporation; that the writ may be amended on motion, and the mistake is no ground for abatement." We cannot doubt the amendment of the complaint was properly allowed.

There was no error in the rejection as evidence of the value of the lands of the plaintiff, the assessments of the lands for taxation. The plaintiff did not participate in the assessments, each assessment was the act of the assessor.—*Birmingham Mineral R. R. Co. v. Smith*, 89 Ala. 305; *Ala. Mineral Land Co. v. County Commissioners*, 95 Ala. 105. The subsequent payment of the taxes as assessed, was a ratification of the act of the assessor so far as all the matter of taxation was involved; beyond that the ratification did not extend, and it cannot be extended so as to convert it into an admission by the plaintiff that it equalled or exceeded the value of the lands, when the fact of value is involved in a controversy with a stranger.

Whatever may be the diversity of opinion and decision elsewhere, in this State it is the settled doctrine, that where two parcels of land belonging to different owners lie adjacent to each other, and one parcel lies lower than the other, the lower one owes a servitude to the upper, to receive the water which naturally runs from it, provided that the industry of man has not been used to create the servitude; or in other words, the owner of the upper parcel of land has a natural easement in the lower parcel, to the extent of the natural flow of water from the upper parcel to and upon the lower. The distinction else-

where observed, as to the waters of a running stream, having a channel more or less defined, and the flowage of surface water—water spread over the face of the earth, in consequence of rains or snows, or formulating in the surface beneath the earth—has not prevailed here. The wrong intended to be guarded against, is the diversion of water, causing it to flow upon the lands of another, without his will, which did not naturally flow there ; and it is not deemed material, whether the water is diverted from a running stream, or is surface water caused to flow, where it did not flow before.— *Farris v. Dudley*, 78 Ala. 124 ; *Crabtree v. Baker*, 75 Ala. 91 ; *Ninninger v. Norwood*, 72 Ala. 277 ; *Hughes v. Anderson*, 68 Ala. 280 ; *Mayor v. Jones*, 58 Ala. 654 ; *Mayor v. Coleman*, Ib. 570 ; *City Council v. Gilmer*, 33 Ala. 116.

In *Hughes v. Anderson*, 68 Ala. 280, *supra*, it was said by Stone, J., after a statement of the general doctrine, as we have expressed it that it could not be "enforced in the strict letter, without impeding agricultural progress, and without hindering industrial enterprises. Hence, minor individual interest is sometimes made to yield to a large and paramount good." But in this connection he further observed : "This, however, must be weighed and decided with a proper reference to the value and necessity of the improvement to the superior heritage, contrasted with the injury to the inferior ; and even this license must be conceded with great caution and prudence." This case does not involve a discussion or consideration of this limitation of the general doctrine. For, it is settled by the current and weight of authority, that a railroad company, has not more right to obstruct the natural flow of water by an embankment, or other artificial means, or by the collection of it into an artificial channel, forcing, or conducting it to a discharge upon the lands of another, than it has in the same way to dispose of water from water courses ; and it is as liable for the resulting damage in the one case, as in the other.— *Waterman v. Conn. & Pass. R. Co.*, 30 Vt. 610 ; *Toledo, W. & W. R. Co. v. Morrison*, 71 Ill. 616; *J. N. & S. E. R. Co. v. Cox*, 91 Ill. 500 ; *L. & N. R R. Co. v. Hays*, 11 Lea (Tenn.) 382, s. c. 47 Am. Rep. 291; *P. W. & R. Co. v. Davis*, 68 Md. 281, s. c. 6 Am. St. Rep. 440 ; *A. & N. W. R. Co. v. Anderson*, 79 Texas, 427: *Railway Co. v. Mossman*, 90 Tenn. 157, s. c. 25 Am. St.

[Savannah, Americus & Montgomery Railway v. Buford.]

Rep. 670. There was of consequence, no error in the refusal of the first instruction requested by the defendant.

The statute of limitations to which the action is subject, is subdivision 6, of section 2619 of the Code, which reads: ''Actions for any injury to the persons or rights of another, not arising from contract, and not being specifically enumerated,'' must be commenced within one year after the cause of action accrued. If the action, as was true in a number of our own decisions to which we are referred, was founded upon the injuries resulting from the negligence or unskillfullness of the defendant in the construction of the embankment and road bed, it may be the statute would commence to run from the construction, as is now insisted, though the full extent of the damage was not then ascertainable. There is much of verbiage in the single count of which the complaint counts, imputing wrong, unskillfulness, and negligence to the defendant, in the construction of its road bed and of the embankment. This verbiage may be rejected as mere surplusage, for it is obvious the gravamen of the complaint, is, that the road bed and embankment, at a particular time after their construction, caused the surface water to flow from the right-of-way of the defendant, in and upon the lands of the plaintiff, where it did not flow naturally, to her injury. The principle governing the operation of the statute in cases of this character, is well settled. The road bed and embankment are permanent and continuous structures: and if their erection had given the plaintiff a cause of action, and then, all the damage which could have resulted, had resulted, the statute of limitations would have commenced to run from the time of their completion. But if the thing complained of is not necessarily injurious, or is not an invasion of the rights of another, of itself affording no cause of action, then whatever of legal injury may result from it, furnishes a cause of action accruing when the injury occurs, and then the statute of limitations commences to run; and there may be as many successive suits and recoveries, as there are successive injuries. *St. Louis &c. Railway v. Biggs*, 52 Ark. 210, (20 Am. St. Rep. 174, elaborate note by Mr. Freeman); *Austin & N. W. R'y Co. v. Anderson*, 79 Texas, 427, s. c. 23 Am. St. Rep. 350; *Polly v. McCall*, 37 Ala. 20. The

error of the instructions by the defendant as to the statute of limitations lies in the hypothesis that the construction of the embankment and road bed gave the plaintiff a cause of action, and that such was the cause of action averred in the complaint. The embankment and road bed were lawful structures, lawfully erected, and their construction was not an invasion of any right of the plaintiff, and furnished her no cause of action. The legal injury to her, which gave her a cause of action, was coincident with the overflow of her lands, caused by the embankment and road bed, and it is from the happening of the injury, the statute of limitations commenced to run.

We find no error in the record, and the judgment must be affirmed.