JOHNSON ET AL. *vs.* WEST ET AL.

[TROVER AGAINST SHERIFF.]

| 43 | 689 |
| 95 | 107 |
| 43 | 689 |
| 107 | 539 |

1. *General appearance; effect of.*—A general appearance by the defendant cures the want of service of process, and is a waiver of any defect or irregularity in the service.

2. *Gift by a father to his daughter; what not a fraud on creditor anterior to.*—The gift by a father to his daughters of the use of two or three acres of land, is not a fraud upon his creditor anterior to the gift, which will render a bale of cotton made by the children on such land, liable to the satisfaction of the father's debts, unless it is shown that he is insolvent, or that it impaired his means of paying his debts.

3. *Evidence; what admissible to show the value of cotton.*—Proof of what a certain quality of cotton sold for in the city of Montgomery, on a particular day, is admissible evidence tending to show the value of a similar quality, at a place only 28 miles distant, on the same day.

APPEAL from the City Court of Montgomery.
Tried before the Hon. THOMAS M. ARRINGTON.

IN 1861, B. F. Loftin recovered a judgment in the circuit court of Montgomery against Briton West, and by virtue of an execution issued thereon in 1866, Loftin caused Johnson, the sheriff, to levy on and sell one bale of cotton, the property of the plaintiffs, who brought suit against said Johnson and Loftin, to recover damages for the conversion of said cotton. The case was tried at the fall term, 1857, and resulted in verdict and judgment for plaintiffs for $156.10, besides costs.

On the trial, as shown by bill of exceptions, "defendants, after having entered an appearance at a previous term, and after having propounded cross-interrogatories to a witness for plaintiffs, moved to strike the cause from the docket, for the reason that the summons was defective, in that it was directed to ' any lawful coroner of the State of Alabama.' The court overruled the motion, and defendants excepted."

Plaintiffs proved by Briton West that he was the father of plaintiffs; that in the year 1866, he was cultivating a

44

farm in Montgomery county, twenty-eight miles from the the city ; that in the spring of the year, he gave the plain-. tiffs (all of whom were daughters, and of age, except Francis,) to cultivate, two or three acres of land on his farm, and the crop they might raise thereon ; that they cultivated and raised thereon the cotton of which the bale in question was composed ; that the cotton, when gathered, was hauled to the gin of a neighbor, there ginned and packed, and baled, and was then brought back to witness' house, where it remained until levied on. Witness was asked by the plaintiffs if he knew the price of cotton at the time of the levy, to which he replied that he did not, but that he knew what a bale of cotton, of the same quality, belonging to his neighbor, sold for, on the same day, in the city of Montgomery ; that it sold for thirty-five cents. To the testimony in relation to what the bale of cotton belonging to witness' neighbor sold for, defendants objected. The court overruled the objection, and the defendants excepted.

Then follows proof of the recovery of the judgment against West, &c., &c., as before set out. Defendants asked the court to charge the jury, that if they believed that West was the father of plaintiffs, and at the time he gave them the use of the land and the crops raised thereon, was indebted to defendant, Loftin, under said judgment, then the gift was a fraud upon the rights of defendant, Loftin, and as to him was null and void ; which charge the court refused, and defendants excepted, &c.

The various rulings of the court, and the refusal to charge as requested, to which defendants excepted, are now assigned as error.

RICE, SEMPLE & GOLDTHWAITE, for appellants.
WATTS & TROY, contra.

[No briefs came into the reporter's hands.]

B. F. SAFFOLD, J.—The motion to strike the case from the docket was properly overruled. A general appearance by the defendant cures the want of service of process, and is a waiver of any defect or irregularity in the service.—

*Goldsmith v. Stetson & Co.*, 39 Ala. 184 ; *Lampley v. Bla-vers et al.*, 25 Ala. 534.

The testimony of West respecting the value of the cotton, was admissible. The price which a similar quality sold for, on the day of the levy, in the city of Montgomery, only twenty-eight miles distant, was a criterion from which the value of this cotton could be deduced.— *Ward v. Reynolds*, 32 Ala. 384 ; *Foster v. Rogers*, 27 Ala. 602.

The charge asked was properly refused. The father had given his children, all of whom were over twenty-one years of age, except one, the use of two or three acres of arable land, for one year, the rent of which was probably not more than five or six dollars. It was not shown that he was insolvent, or that the gift impaired his means of paying his debts. The cotton levied on was the product of the labor of these children.

The judgment is affirmed.