EDWARD POWER *et al.,* plaintiffs in error, *vs.* THE SAVANNAH, SKIDAWAY AND SEABOARD RAILROAD COMPANY, defendant in error.

1. When a motion for a new trial is made at the proper term of the court, but no rule *nisi* is granted, and no brief of the evidence approved by the presiding judge, and the case comes on to be heard before the succeeding judge, and no motion is made to dismiss preliminary to the argument on the merits, and the motion to dismiss is mainly insisted on after the judge has announced his decision to grant the new trial, and the judge allows the

objecting party to amend the brief of evidence to suit himself, and he does so amend it, and the rule *nisi* is waived, this court will not control the discretion of the circuit court in such a case in hearing the motion and refusing to dismiss it at such a stage of the proceedings.

2. When a party dies pending suit, and a new party, not the legal representative of deceased, is made a party in his stead by consent, on the express condition, entered of record, that the other party shall lose no right thereby, the sayings of the original party, now dead, in regard to the value of the right of way, and the written evidence of his grant of the right of way to the adverse party, are admissible, though deceased had made a deed to the land in trust for his wife and children before he commenced suit for the right of way, the issue being the value of the right of way and damages therefor.

3. A motion for a new trial is amendable.

New trial. Practice in the Superior Court. Evidence. Amendment. Before Judge TOMPKINS. Chatham Superior Court. May Term, 1875.

Reported in the opinion.

HARTRIDGE & CHISHOLM, for plaintiffs in error.

T. M. NORWOOD; G. A. MERCER, by R. R. RICHARDS, for defendant.

JACKSON, Judge.

On the appeal from arbitrators to assess damages for right of way over plaintiffs' land, the jury found $1,000 00 for plaintiffs. Notice was given of a motion for a new trial; the motion was made; no *supersedeas* was obtained; no brief of the testimony was approved by the court. Judge Schley, who tried the case, passed out of office, and the motion for a new trial came before the present judge of the Eastern Circuit, Judge Tompkins, who granted the new trial, and error is assigned thereon.

1. The first error assigned is that the judge erred in hearing the motion for a new trial under the facts. The rule *nisi* was waived, and the court permitted the counsel for plaintiff to amend the brief of the evidence. We cannot see how he

was injured. The 21st rule of the superior court provides for a case where the presiding judge has gone out of office without approving the brief (Code, page 950) by providing that in such a case "the successor shall hear and determine the motion from the best evidence at his command." Judge Tompkins did this in this case. Indeed, he seems to have given the defendant in error a *carte blanche* to fix the evidence to suit himself, and states in his certificate that no motion was made to dismiss the rule before argument, but only during argument, and principally after he had announced that a new trial would be granted. Under these facts, we will not control the discretion of the court below in hearing, and in refusing to dismiss, the motion for a new trial. See *Pope vs. Toombs*, 20 *Georgia Reports*, 768.; also 30 *Ibid.*, 249; 53 *Ibid.*, 178. Nor will we control his discretion in granting the new trial. It is true that the judge who granted the motion did not preside, and therefore we pass by the consideration of his ruling on the weight of the evidence, if, indeed, the grant of the motion was predicated on that ground. We confess, however, that to us the weight of the evidence seems against the verdict; but we put our affirmance of the judgment granting the new trial upon what we consider plain errors in the court trying the case.

2. The action was brought in the name of George and Edward Power. George died, and Edward, as trustee, was made party by consent, on the agreement in writing, that no rights of the defendant were to be prejudiced thereby. The defendant offered to prove that George had given the right of way to defendant, in view of the increased value of his land, and offered in evidence a writing to that effect. The court rejected it. Defendant offered to show the estimate that George had put on the value of the land during his life. The court rejected it. If George Power had remained a party, or his administrator or legal representative had been made one, this evidence would have been admissible. Well, when the defendant stipulated that if he consented that Edward Power, trustee, be made a party, he should lose no right, he must not be

made to lose his right to prove the sayings of George Power as to the value of the land, nor must he lose the right to show the written agreement of George to give the right of way.

3. The motion for a new trial was amendable, and the court properly allowed it: Code, section 3503.

We affirm the judgment granting the new trial.