# Birmingham Mineral Railroad Co. *v.* Smith.

*Statutory Proceeding for Condemnation of Right of Way.*

1. *Assessment for taxation as evidence of value.*—The valuation of land by the tax-assessor for the purpose of taxation, in which the owner does not participate, is not admissible as evidence of value, in a statutory proceeding to condemn a right of way through it; but a valuation by the owner himself, returned to the assessor under oath, though not conclusive on h·m, is admissible as evidence of value, and not merely to discredit his testimony, on the trial of the condemnation proceedings a few weeks afterwards.

APPEAL from the City Court of Birmingham.
Tried before the Hon. H. A. SHARPE.

HEWITT, WALKER & PORTER, for appellant.

W. C. WARD, *contra.*

CLOPTON, J.—In a proceeding instituted by appellant to condemn a right of way over the land of appellee, and to determine the compensation to which he is entitled, the former introduced in evidence the assessment rendered by the latter to the tax-assesor, sworn to by him, in which the land in question was listed, and its value estimated at $3,400 for taxation for the year 1888. Appellee testified, that the tract of land was worth, at the time the award of compensation was made, in December, 1887, by the commissioners appointed by the judge of probate, and at the time of the trial, one thousand dollars per acre; the tract containing thirty-four acres. The valuation in the assessment was made as of the first day of January, 1888.

The sole question in the case arises on the following charge given by the court at the instance of the appellee: "The tax assessment offered in evidence in this case can have no effect, except to discredit the defendant, Smith, as a witness in this case." The charge, in effect, declares that the land-owner's sworn valuation of the land for the purpose of taxation is, in condemnation proceedings, incompetent as independent evidence of value, and limits its effect to the pur-

20

pose of impeachment. Such is the statement of the rule in 6 Amer. & Eng. Encyc. of Law, 622, citing *Va. & T. R. R. R. Co. v. Henry*, 8 Nev. 165, where it is said, that the estimate for taxation, though sworn to by the land-owner, "could have no weight in determining the value of the property in question, incompetent in fact for that purpose, though perhaps admissible to tend to contradict his testimony in chief." The elementary authors state the rule in varied and qualified phraseology. In Lewis on Em. Dom. § 448, it is thus stated: "The assessment of property for taxation, being made for another purpose, and not at the instance of either party, and not usually at the market value of the property, is not admissible as evidence of value in condemnation proceedings"; citing *Tex. & St. L. Railway Co. v. Eddey*, 42 Ark. 527, and *Brown v. Prov. W. & B. R. R. Co.*, 5 Gray, 35. In the first case, it was held not to be error to exclude from the jury the valuation of the land made by the assessor for the purpose of taxation, on the ground that, being made for a different purpose, it is not a fair criterion of its market value; and in the second case, the court says: "It is also questionable, whether any valuation made for the special purpose of taxation, and that some years previously to the assessment of damages by the jury, could be a useful or proper aid to the jury in fixing the value of the land, or the damages sustained by the petitioner on the location of the road." We have fully mentioned these various statements of the principle, for the reason, that our attention has been called to them as sustaining the legal proposition of the charge; and for the further reason, that under our mode of assessment, we can not adopt the rule as thus stated, though no case has been found expressly asserting the competency of the owner's sworn return as independent evidence of value.

By the revenue law, every person liable to taxation is required to render to the assessor all the items of property, and the value of each item upon which he is liable to be taxed. From this list the assessor makes out the assessment, on which the tax-payer is required to subscribe an affidavit that the list returned by him to the assessor "contains a full and true statement of the property and other subjects of taxation with which he is chargeable, and of the value thereof." Code, §§ 470–486. The value to be stated is the market value in money. It is true, the assessor is not bound by the owner's valuation, but may himself ascertain and determine

[Birmingham Mineral Railroad Co. v. Smith.]

the value according to his best judgment, from information, inspection, or otherwise; but the owner is required, in the first instance, to return a verified valuation. A universal rule is, that the admissions and declarations of a party are admissible in evidence against him. On this rule, it has been held, that the declarations of the owner as to the value of the land are competent as independent evidence against him in condemnation proceedings, as evidence bearing upon the value of the property.—*East B. & W. R. R. Co. v. Ranck*, 78 Penn. St. 454; *Power v. Savan. S. & S. R. R. Co.*, 56 Ga. 471.

In Mills on Em. Dom. § 172, the author states the rule as follows: "The valuation made by the assessor for purposes of taxation, is not admissible in evidence, the determination of value being for a different purpose. Nor is the return made by the owner conclusive upon him, but is, perhaps, admissible to contradict his evidence in chief"; which implies that its admissibility is questionable.

That the valuation made by the assessor for purposes of taxation, in which the owner does not participate, is inadmissible, is unquestionably correct, on well settled principles. But we are unable to discover any sound reason, or principle, on which it can be held that the owner's sworn valuation of the land, for whatever purpose made, is incompetent as independent evidence of value against him; why it should be regarded an exception to the general rule. The compensation to which he is entitled, or the amount of damages which he will sustain, is the question involved in such cases; and a material element of the damages is, the difference between the value of the land before the right of way is taken, and its value after being taken. If his unsworn declarations and admissions are admissible against him, certainly his estimate of the value, made under the solemnity of an oath, is equally admissible as a declaration or admission. Such valuation is not conclusive upon him, but dependent for its weight upon the circumstances.

The court erred in giving the charge.

Reversed and remanded.