# Ala. Mineral Land Co. *v.* County Commissioners of Perry.

*Contested Assessment of Lands for Taxation.*

95  103
106  311

95  105
129  141

95  105
141  109

1. *Evidence as to value of lands assessed for taxation.*—In fixing the taxable value of land, the owner's return to the assessor being controverted, it may be proper, perhaps, to receive evidence of the value of other lands in the neighborhood similarly situated, as being a feature of its *surroundings;* but the valuation of those lands as found upon the tax-books, whether made by the owner, the tax-assessor, or the Commissioners Court, is not admissible as evidence for any purpose.

[Ala. Mineral Land Co. v. County Commissioners of Perry.]

APPEAL from the Circuit Court of Perry.
Tried before the Hon. JOHN MOORE.

JOHN M. McKLEROY, for appellant.

J. H. STEWART, *contra.*

WALKER, J.—The appellant was notified that objection was made to its return of its property in Perry county for taxation, on the ground of the undervaluation of its lands. It appeared at the August (1890) term of the Commissioners Court of that county, and contested the objections. The Commissioners Court raised the valuation from $1.25 per acre to $3.00 per acre, and the lands were assessed accordingly. The cause was tried anew in the Circuit Court, an appeal having been taken pursuant to the provision of section 13 of the act approved February 28, 1887.—Acts of Ala. 1886-87, p. 11. The valuation as made by the Commissioners Court was confirmed by the judgment of the Circuit Court. This appeal is from that judgment, and the errors assigned are upon rulings of the Circuit Court in rejecting evidence offered by the appellant.

The appellant offered to prove, 1st, by the agent of the Selma Land & Improvement Company, that that company owned a considerable quantity of land in said county, of a similar character to the lands owned by the appellant, and that said lands were in the same part of the county as are appellant's lands, and that said lands were listed for assessment for State and county taxes for the year 1890 at one dollar and twenty-five cents per acre ; and 2d, by the tax-assessor of said county, that after the return of said Selma Land & Improvement Company had been made, the Commissioners Court duly reviewed said assessment, and on such review placed the valuation of the lands of said company at two dollars per acre. The record does not show that any exception was reserved to the action of the court in refusing to admit other evidence which was offered by the appellant.

In hearing objections to assessments, the Commissioners Court "shall receive only evidence touching the fair market or real value of the property, and shall take into consideration its character, whether improved or not, its surroundings, and, if it is productive, the amount of its average annual yield ;" it being the true intent and purpose of the statutory provisions on the subjects, as therein expressed, "to have all property and subjects of taxation fairly

[Ala. Mineral Land Co. v. County Commissioners of Perry.]

assessed at the value which would be realized therefrom by a cash sale, but not a forced sale thereof, in such manner as such property and subjects are usually sold; and for this purpose the power and authority hereby conferred upon such court (County Commissioners) shall be liberally construed, but said court is expressly prohibited from reducing the valuation of any property below the fair cash market value of the property, or what the property would sell for."—Acts of Ala. 1886-7, pp. 11, 12; *State v. Bienville Water Supply Co.*, 89 Ala. 325. In fixing the taxable value of lands, it would perhaps be proper to receive evidence of the value of similar property under similar conditions, as a feature of the "surroundings" within the meaning of that expression as used in the statute, and as affording a criterion from which the value of the property in question could be deduced —*Johnson v. West*, 43 Ala. 689; 7 Am. & Eng. Ency. of Law, 60. The assumption that such proof would be admissible brings us to the question raised by the assignments of error in this case, as to whether the valuations at which such other lands have been returned or assessed for taxation would be competent as evidence of their real value. The valuation of property as found upon the tax-books represents either the *ex-parte* statement of the owner thereof in his return, or the conclusion of the assessor or of the Commissioners Court from information, inspection or otherwise. The declaration of the owner would not be admissible against any person other than himself or some one in privity with him. The decision of the assessor, or of the Commissioners Court, would not be admissible against a stranger to the proceeding in which the decision was rendered. Such stranger, in offering proof of such valuation of the property of others, claims the benefit of evidence which would not be available against him. A valuation of his own property, in which he does not participate, is inadmissible, if objected to by him.—*Birmingham Mineral R. R. Co. v. Smith*, 89 Ala. 305. It is not permissible to prove a fact pertinent to the issue in a case by showing that some one not a party to the suit has made an oral or written statement in reference to such fact, or by producing evidence of the conclusion reached in another proceeding which involved the same question but was between parties who are strangers to the pending suit. The returns of the owners and the valuations as made on a review of the assessments are equally incompetent as evidence of the value of lands belonging to other persons. The inquiry as to what was the fair cash market value of

[Agnew v. Walden & Son.]

the lands of the appellant should be determined upon evidence pertinent to that question. It would but tend to draw away the minds of the jury from the matter in issue to admit evidence to show the results of similar inquiries as to other property of like character. The question as to what conclusions were reached in other cases could have no legitmate bearing upon the result in this case. In determining the valuation at which the appellant's property should be assessed for taxation it is immaterial to inquire whether or not other property has been fairly valued, for the fact that under-valuations have been permitted in many instances would afford no excuse for the assessment of the appellant's property at less than its "fair market or real value." A neglect of the requirements of the law in this case could not be excused by showing a similar breach of duty in other cases. There may be a remedy to prevent unjust discriminations in the valuation of property for taxation, but the fact that the property of others has been undervalued could not justify a corresponding under-valuation of the property of the appellant. The foregoing considerations suffice to show that there was no error in excluding the evidence above referred to.

Affirmed.