# Anniston Lime & Coal Co. v. Lewis.

## Action of Assumpsit.

1. *Evidence of cheap price as tending to disprove allegation of sale of first-class goods.*—In an action for the price of staves, the defendant having pleaded that they were not of the "good and merchantable quality" they were represented to be, plaintiff may testify that at defendant's request he shipped defendant certain second class staves, as part of an order, and "that defendant got them much cheaper than the others," as tending to disprove averments of the plea of a sale of first-class staves at a sound price.

2. *Same.*—In an action for the price of staves, plaintiff may testify that second-class staves are about $1.75 per 1,000 cheaper than first-class staves, and that at the time he sent the cheaper staves to defendant he was selling first-class staves at $4.75 per 1,000, since it tends to prove the contract between the parties, the character of the staves sold, and their value.

3. *Where issue is joined on bad plea, proof tending to support it must be submitted to the jury.*—Where issue is joined on a bad plea, and the proofs tend to establish its truth, the court must submit such issue and proof to the jury.

4. *Charge ignoring material testimony.*—An instruction which excludes certain relevant evidence from the consideration of the jury is error.

5. *Affirmative charge properly refused where evidence is conflicting.*—Where the evidence is conflicting, the affirmative charge is properly refused.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

This was an action brought by the appellee, G. W. Lewis, against the appellant, the Anniston Lime & Coal Co., to recover $318.81, alleged to be due by the defendant to the plaintiff for barrel heads and barrel staves sold and delivered by the plaintiff to the defendant. The defendant pleaded, first, a denial of the allegations of the complaint, second, that the debt for which the suit was brought had been paid, and the following special pleas: (3.) "For further answer the defendant says that the defendant is engaged in the manufacture of lime, and ordered from the plaintiff staves and heads for making lime barrels, in which to ship his lime; that the

plaintiff represented his staves and heads to be of good merchantable quality, and fit and suitable to make lime barrels; that the staves and heads shipped by plaintiff to defendant, for the price of which this suit was commenced, were not of good and merchantable quality, and fit and suitable to make lime barrels, but were of inferior quality, in that they were split, broken, knotty, mildewed, rotten, and were of no value to defendant and worthless; and the defendant avers that by reason thereof it has been damaged to the amount of three hundred and twenty dollars, which it offers to recoup against the plaintiff's demand, and asks judgment for the excess." (4.) "That the defendant has paid freight on the said inferior and worthless staves and heads, as stated in plea numbered three, to the amount of one hundred dollars, which sum it hereby offers to recoup against plaintiff's demand and asks judgment for the excess." (5.) "That by reason of plaintiff's staves and heads shipped by him to defendant being of inferior and unmerchantable quality, as set out in plea number three, the barrels made therefrom were not sufficient or suitable for lime barrels, and the lime shipped in the same was damaged and wasted, to defendant's damage in the sum of five hundred dollars, which sum defendant offers to recoup against plaintiff's demand, and asks judgment for the excess." Issue was joined on these pleas.

On the trial of the cause, the plaintiff introduced evidence tending to show that the barrel staves and heads which he sold the defendant, and which were the foundation of this suit, were good and sound. The evidence for the defendant was in conflict with that of the plaintiff, tending to show that the staves and heads which plaintiff had sold and shipped to the defendant, and for the price of which he brought the present suit, were not such as were represented, but that they were split, rotten and broken, and were not fit to be used in making lime barrels, the purpose for which they were bought, and the barrel heads were also inferior. There was also evidence on the part of the defendant tending to show that by reason of the defective barrel staves and heads, defendant had been damaged by the loss of lime from $350 to $500. The rulings of the court upon the evidence are sufficiently stated in the opinion. The court, in its charge to the jury, instructed them, among other things,

[Anniston Lime & Coal Co. v. Lewis.]

as follows : "If the jury find from the evidence that the staves and heads were inferior and rotten, and so appeared, the defendant ought not to have sent its lime away in the inferior barrels made from these staves, and it can not recover any damges resulting from such inferior barrels ; it was the result of its own action." To the giving of this charge the defendant duly excepted. At the request of the defendant, the court gave to the jury the following written charge : (5.) "If the jury believe from the evidence that the defendant was damaged by the plaintiff's fraud or breach of warranty, as set up in its pleas, then the defendant is entitled to recoup the damages that the evidence shows it has sustained by reason of such fraud or breach of warranty, and if the damages so sustained exceeds the claim of the plaintiff, the defendant is entitled to a judgment against the plaintiff for the excess." After the giving of this charge, the court, *ex mero motu*, instructed the jury, by way of explanation, as follows : "The only damage that I can see that has been sustained by the defendant is the freight it has paid on the worthless staves." To the giving of this explanatory charge the defendant duly excepted. Thereupon the defendant requested the court to give to the jury each of the following written charges, and separately excepted to the court's refusal to give each of them as asked : (1.) "If the jury believe the evidence, they will find the issues in favor of the defendant." (2.) "If the jury believe the evidence they will find the issues in favor of the defendant under the third plea." (3.) "If the jury find from the evidence that the defendant used any of the staves shipped by the plaintiff, and if they find that those so used were not of the kind ordered, then in that event the defendant would be liable only for the reasonable value of the staves so used, and the jury are instructed that there is no evidence offered by the plaintiff of the value of the staves so used, and the jury will find that issue in favor of the defendant."

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

CALDWELL, JOHNSTON & ACKER, for the appellants.

KELLY & McGEHEE, for the appellee.

HARALSON, J.—1. The plaintiff being examined in his own behalf, on written interrogatories, was asked: "If you say you sold the Anniston Lime & Coal Company staves and barrel heads, state the representations you made to them. as near as you can recollect, as to the kind and quality of such articles? What was the quality and condition of any such staves or barrel heads? Were they or not split, broken, mildewed, rotten and worthless?" This proof was sought to disprove the facts set up in defendant's 3d special plea, and the interrogatories were not objected to. The plaintiff replied, that he represented the staves to be second class stock; that they were all sound second class stock, and were not split, broken, rotten and worthless; that he had sent the defendants a sample of produce staves at a lower price, and that defendants ordered him to ship what he had on hand of that kind, and that a part of the last car were such produce staves, and were fully as good as the sample; that he knew. that a great many of the produce staves would not do for lime barrels, *but defendant got them much cheaper than the others*. To the last sentence, which is italicised, the defendants objected for being irrelevant, immaterial and incompetent, and the objection was overruled. It was evidence tending to disprove the allegations of the plea, of the sale of a first rate, merchantable lot of staves at a sound price, which is the fair inference of the plea.

2. The plaintiff also stated in response to a proper question, "That in second class staves, there is always more or less loss; but the second class is about one dollar and seventy-five cents cheaper on the thousand; and at the time I sent the headings and staves to the defendant, I was selling first class staves and headings, at four dollars and seventy-five cents per thousand." This was equivalent to saying he sold these to defendants at three dollars per thousand. The defendants objected to the evidence which is quoted above, and separately to each sentence thereof. The court overruled the objections thus severally made to this evidence, and defendant reserved a separate exception to each separate ruling. This evidence was not subject to the objection interposed, but was relevant and proper, as tending to

[Anniston Lime & Coal Co. v. Lewis.]

show the contract between the plaintiff and the defendants, the character of the staves sold and their value, and to disprove the plea making defense against his recovery. That he was selling good staves at four dollars and seventy-five cents per thousand, at that time, was evidence tending to show their value at the time in the market; and that a second class article was one dollar and seventy-five cents cheaper by the thousand, tends to show the value of the ones sold.—*Johnson v. West*, 43 Ala. 689; *Ward v. Reynolds*, 32 Ala. 384; *Foster v. Rodgers*, 27 Ala. 602; 1 Sedg. on Dam. 586 & notes; 1 Suth. on Dam. 795–799.

3. Issue was joined on the defendants' 5th plea for recoupment of damages. The court, in its oral charge to the jury, hypothesized substantially the facts set up in this plea as a basis for instructing them, that on such a state of facts, the defendant was entitled to no damages by way of recoupment. If the plea was bad, a demurrer would have been sustained to it. When issue was joined on it, however, even if a bad plea, and the proofs tended to establish its truth, the court should have submitted the issue and the proof to the jury. The effect of the charge was, to authorize a recovery for plaintiff without regard to this issue, which was error. *Allison v. Little*, 93 Ala. 150.

4. The court gave a charge as requested by the defendants, and, thereupon, by way of explaining it, added, of its own motion, "The only damage I can see that has been sustained by the defendant is the freight it has paid on the worthless staves." The defendant could not except to the charge, in so far as it assumed that a part of the staves were worthless,—a disputed question in the case,— but, its vice as to the defendant was, that it not only ignores but excludes from the consideration of the jury the proof as made for them by the witness, Cobb,—which proof was admitted without objection, to sustain the plea of defendant for recoupment of damages, that defendant had been damaged by the loss of lime &c., on account of the inferiority and unfitness of the staves furnished by plaintiff, to the amount of from $350. to $500. This qualification of the charge was clearly erroneous.

5. Under the evidence in the cause, the charges asked by the defendant were properly refused. There

was conflict in the evidence, and charges 1 and 2, which assumed there was not, could not have been properly given. As to the 3d, it is sufficient to say, as has already appeared, there was evidence tending to show the value of the staves shipped, and that they were worth what the plaintiff charged for them. His evidence tended plainly enough to show their value.

For the errors indicated, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.