# State *v.* Sloss-Sheffield Steel & Iron Co.

## *Proceedings to Fix Taxes.*

(Decided June 30, 1909.  50 South. 366.)

1. *Taxation; Assessment; Trial De Noro.*—Where the tax commissioner raises an assessment which is confirmed by the board of county commissioners, from which an appeal is taken to the circuit court, the trial there is de novo.  (Sections 2148, and 2265, Code 1907.)

2. *Same; Review of Assessment.*—Where a tax commissioner raises the assessed valuation of property in a proceeding before the Commissioner's Court, it is not necessary that the assessment made by the commissioner's should follow the assessment made by the tax assessor or the return of the taxpayer.

3. *Same; Re-Assessment.*—A tax commissioner is authorized to make an additional assessment against any person or property where there has been an under valuation in his opinion, and to return such re-assessment to the commissioners' court for action.

4. *Same; Proceedings.*—When a tax commissioner makes a re-assessment he is required to return it to the commissioners' court, and if they are satisfied that there has been no under valuation, they dismiss the proceedings; but if they decide an under valuation has been made, notice is given to the tax payer as required by section 2148, Code 1907, and the Commissioners then proceed as in other cases of under valuation.

5. *Same.*—Where a re-assessment was returned to the commissioners' court, and an issue was made therefrom, the issue is not whether the re-assessment by the tax commissioner is proper, but whether the assessment by the tax assessor is correct.

6. *Same; Duty of Commissioners.*—When a re-assessment of property for taxation is returned to the commissioners' court by the tax commissioner, such court is required, to fix the value of the property, on the evidence before them, without reference to the returns or motion of the tax commissioner; the original assessment being the basis of the court's action and not the supposed assessment by the tax commissioner.

[State v. Sloss-Sheffield Steel & Iron Co.]

7. *Same; Proceedings on Appeal.*—Where an appeal is taken from the findings and assessments made by the commissioner's court to the circuit court, that court's duties are the same as those of the commissioners' court, the proceedings being based upon the original assessments, and not on the return of the tax commissioner. or the decree or findings of the commissioners' court; hence, neither party can object to the return or re-assessment of the tax commissioner

8. *Same; Valuation.*—Upon an appeal from the finding of the commissioners' court to the circuit court in a tax assessment proceeding, the state may file a declaration claiming a larger valuation than that suggested by the returns of the tax commissioner, or that returned by the taxpayer, or that found by the commissioners' court.

9. *Same.*—The declaration on appeal from the commissioner's court to the circuit court in a tax assessment proceeding should make no reference to the re-assessment of the tax commissioners or to the judgment or finding of the commissioners' court.

APPEAL from Franklin Circuit Court.

Heard before Hon. A. H. ALSTON.

The tax commissioner of Franklin county returned a re-assessment against the Sloss-Sheffield Steel & Iron Company raising the assessed value of their property, situated in said county. The Sloss-Sheffield Company appeals from the judgment of the Commissioner's Court, and filed motion to quash the entire proceedings, which was granted, and the state appeals. Reversed and remanded.

ALEXANDER M. GARBER, Attorney General, and THOMAS W. MARTIN, Assistant Attorney General, for appel lant. Counsel discuss the errors assigned, but without citation of authority.

ALMON & ALMON, and TILLMAN, GRUBB, BRADLEY & MORROW, for appellee. No brief came to the Reporter.

MAYFIELD, J.—This is an appeal by the state from a judgment of the circuit court of Franklin county in a proceeding by the tax commissioner of Franklin county to raise the assessed valuation of the property of the defendant corporation in that county for taxation. On

the hearing before the county commissioners the assessment of the corporation was raised as to realty, but allowed to remain as to personalty as originally assessed. The corporation appealed from that assessment to the circuit court as provided by statute, in which court the trial or hearing as to whether or not the assessment shall be raised is had de novo.—Code 1907, §§ 2265, 2148. At the first hearing in the circuit court the corporation moved to quash the proceeding for various reasons, among them, for that the property was assessed in solido, and not separately, and for that other property than that assessed by the owner was returned by him, and demurred to the declaration or claim of the tax commissioner upon which the increase in the assessment was based. This motion and demurrer appear not to have been acted upon by the court at this term, but pleas thereto were filed, and a trial was had, resulting in mistrial. At the next term the corporation by leave of court withdrew its pleas, and renewed its motion to quash the proceedings. On the hearing of this motion, which was argued by counsel, no evidence pro or con being introduced, the court granted the motion, quashed the proceedings, and dismissed the cause, taxing the state with the costs. From this judgment the state appeals.

The trial court was in error in quashing the proceeding and dismissing it out of court. The proceeding was instituted in the commissioners' court in the manner the law directs.—Code 1907, § 2250; Gen. Acts 1903, p. 295. It was not necessary that his reassessment should exactly follow the assessment made by the tax assessor, or the list or schedule for assessment as returned by the taxpayer. The tax commissioner is required or authorized to make an additional assessment against any person or property when, in his opinion, there has been

an undervaluation.  He is required to return this re-assessment to the commissioners' court, and the court first hear him on his proposed reassessment.  If the court are satisfied that there has been no undervalua-tion, this is the end of the matter; but if they find it to exist, or are not fully satisfied that it does not exist, they then give notice to the taxpayer, as required by sec-tion 2148 of the Code of 1907, and proceed in the mat-ter as provided in other cases of undervaluation.  When the taxpayer appears, and the issue is made up and tried, that issue is, not whether the reassessment made by the commissioner is proper or true and correct, but whether or not the assessment made by the tax assessor is correct—whether the property of the taxpayer liable to assessment has been properly assessed, whether all of it was assessed, and whether it was assessed at a fair and reasonable valuation.  The commissioners are to determine and fix the value of the property on the evi-dence before them, and without reference to the return or motion of the tax commissioner, whereby he describes certain property, alleges certain values, and prays increases in assessments.  The commissioners are not bound to assess all the property returned by the tax commissioner, nor to fix the values named by him, nor are they precluded by his return from fixing a greater amount than he specifies.  They find his return to be either true or not true, in whole or in part.  It is the original assessment that the court takes as basis, and not the return or proposed assessment made by the tax commissioner.

An appeal from the findings and assessments made by the court of commissioners may be taken by either party, the state or the taxpayer, to the circuit court, where a trial is had de novo.  The powers and duties of the circuit court are precisely those of the commis-

sioners' court. It does not look to the return of the tax commissioner, but, like the commissioners' court, to the original assessment, and the decree or finding of the commissioners' court is not reviewed by the circuit court. The trial there had proceeds in all respects as if originally begun in that court. On this appeal neither party can object to the return or reassessment made by the tax commissioner. It is not considered for any purposes of the trial. Its only object or purpose is to call the attention of the commissioners' court to the original assessment of the taxpayer—to the supposed undervaluation—and to suggest an increase therein. His estimate of the value is not binding on the court, on the taxpayer, or on the state. It may be wholly disregarded by the courts, both commissioners' and circuit, either of which may decline to go into an inquiry as to the reassessment. On appeal to the circuit court the state may file a complaint, claiming a valuation in excess of that suggested by the tax commissioner, of that returned by the taxpayer, or in excess of that found by the commissioners' court.

No matter what were the defects of the additional assessment made and returned by the tax commissioner to the commissioners' court, the circuit court should have proceeded to determine the issues there for trial— to cause to be answered or pleaded to the declaration or complaint filed by the state, which was as follows:

"*State v. Sloss-Sheffield Steel & Iron Company.* On Appeal from the Commissioners' Court, Franklin County, Ala., Spring Term, 1906. Comes the state, by its solicitor, and asks that the valuation of lands, as returned by the defendant and assessed for taxation for the year 1905 by the tax assessor and described in said return and assessment, be increased to $500,000. A. H. Carmichael, W. H. Key, Solicitors for State.

[State v. Bley.]

"Filed May 8, 1906. D. A. Malone, Clerk."

This declaration properly made no reference to the additional assessment made by the tax commissioner, nor to the judgment or finding of the commissioners' court. Consequently the motion to quash the additional assessment made by the tax commissioner or the commissioners' court was no proper or appropriate answer to the declaration, nor was any defect in either the additional assessment or that made by the tax commissioner or the court any ground or reason for quashing the proceeding in the circuit court.—*T. C. I. & R. R. Co. v. State,* 141 Ala. 103, 37 South. 433; *Sullivan v. State,* 110 Ala. 97, 20 South. 452.

For the error in sustaining appellee's motion to quash, and in dismissing the proceedings from the circuit court, the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and DENSON, JJ., concur.