(93 South. 429)

STATE et al. v. BRINTLE. (6 Div. 388.)

(Supreme Court of Alabama. Feb. 11, 1922. Rehearing Denied May 11, 1922.)

1. Taxation ⬄486—Scope of trial de novo on appeal from adjusters' valuation stated.

The trial de novo on taxpayer's appeal to county board of revenue or court of county commissioners from valuation of his property by county tax adjuster or board of tax adjusters, under Revenue Law 1919, §§ 99, 104, 107, includes, initially, the inquiry presented and determined by the adjuster, or board of adjusters; that is, that initiated and instituted by the "objection" of the taxpayer.

2. Taxation ⬄493(8)—Scope of trial de novo on appeal to circuit court from property valuation stated.

On appeal, by either the state or the taxpayer, to the circuit court from the action of the court of county commissioners or board of revenue on property valuation appeal, the same procedure, process, and inquiry is designed by Revenue Law 1919, § 108, as in case of appeal to the county board of revenue or the court of county commissioners; the trial there being de novo, and referable to the original status, without regard to the judgment of the court of county commissioners or board of revenue in the premises.

3. Trial ⬄256(6)—Charge omitting statement that determination must rest on evidence before jury not erroneous, in absence of requested explanatory charge.

In trial of correctness of valuation of property for taxation under Revenue Law 1919, a charge that the jury must fix the value of the property at 60 per cent. of the reasonable cash value of the property on the preceding October 1st was not erroneous, as omitting to refer the duty's discharge to the evidence before the jury, since, if it was apprehended that the charge might mislead, an explanatory instruction should have been requested.

4. Evidence ⬄568(4), 571(7)—Opinion evidence as to value not conclusive.

Testimony respecting value being but opinion evidence, neither the judgment of experts nor of others is conclusive or binding on the jury, or the court trying the issue of value without jury.

5. Taxation ⬄493(8)—Valuation of adjusters raises no evidential presumption of correctness on appeal.

Under the system provided by Revenue Law 1919, there is, on appeal and trial de novo, no evidential presumption of the valuation made by the adjusters, although that valuation is made by the system's provisions an element of the inquiry raised by the taxpayer's objection.

6. Trial ⬄296(2)—Instruction held cured by later instruction.

In trial of the correctness of valuation of property under Revenue Law 1919, a charge that the jury, after considering all the evidence in the case, could disregard "the presumption of the board of tax adjusters as to the assessed value of the property," while faultily constructed in respect of the quoted phrase, was not prejudicial to the state, where a charge was given for the state that "the final assessment on the defendant's property, made by the county board of tax adjusters, as contained in the official record submitted to you, is presumptively correct, and the burden is on the defendant to show to the contrary."

7. Evidence ⬄142(4)—Valuation of adjoining lots not admissible.

In trial of correctness of valuation of property for taxation under Revenue Law 1919, objection was properly sustained to a question to a chairman of the county board of adjusters, "What was the value fixed by the board of adjusters on each of the lots adjoining said" property, "without the improvements?"

8. Evidence ⬄547—Market value of adjoining lots, not shown to be similarly situated, held inadmissible.

In trial of correctness of valuation of property for taxation under Revenue Law 1919, objection was properly sustained to a question to a witness for the state, who was chairman of the county board of adjusters, and shown to be qualified to testify as to real estate values in the city where the property was, "What, in your opinion, was the reasonable market value

---

⬄For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

on October 1st * * * of each one of said lots adjoining said" property "without the improvements?" the question containing no reference to similitude in situation, etc., of the adjacent lots to the lot in question, and it not appearing that the state offered to show the essential likeness.

Appeal from Circuit Court, Jefferson County; A. E. Gamble, Judge.

Proceeding to assess property of S. J. Brintle for taxation. From a judgment fixing valuation, the State of Alabama and the County of Jefferson appeal. Affirmed.

The following charges were given at the instance of the defendant:

"(1) I charge you that you must fix the value of the property in question at 60 per cent. of the reasonable cash value of the property on October 1, 1919.

"(2) I charge you, gentlemen of the jury, that you are not bound by the testimony of expert witnesses, and that in fixing the tax value of the property in question you may exercise your common judgment."

Weatherly & Birch, of Birmingham, for appellants.

The court erred in giving charge A for defendant, which excluded consideration of the valuation fixed by the board of adjusters, which was the basic fact of the proceeding and prima facie correct. 162 Ala. 234, 50 South. 366; 125 Ala. 129, 29 South. 183, 82 Am. St. Rep. 222; 129 Ala. 141, 29 South. 931; 141 Ala. 108, 37 South. 433; 110 Ala. 98, 20 South. 452. Charge 2, given for defendant, authorized the jury to disregard expert evidence, and was erroneous. 149 Ala. 515, 43 South. 411. Charge 1, given for defendant, was objectionable, when considered in connection with charge 2. 37 Cyc. 1011. The court erred in sustaining defendant's objection to plaintiffs' question to witness Dryer, "What, in your opinion, was the reasonable cash market value, on October 1, 1919, of each one of said lots adjoining" the lot in question. 95 Ala. 107, 10 South. 550; 43 Ala. 689; 141 Ala. 109, 37 South. 433; 37 Cyc. 1010. The verdict was contrary to the evidence, and motion for new trial should have been granted.

London, Yancey & Brower, of Birmingham, for appellee.

The motion for new trial was properly overruled. 98 Ala. 598, 13 South. 514; 92 Ala. 630, 9 South. 738; 129 Ala. 282, 29 South. 548. It is not error to give a requested charge, which is merely misleading, and which may be explained. 69 South. 598; 204 Ala. 484, 86 South. 546.

McCLELLAN, J. This proceeding originated in the assessment for taxation—under the Revenue Law of 1919—of appellee's (defendant's) certain improved lot in the city of Birmingham. The board of tax adjusters fixed the taxable value of the property at $12,000 for the tax year beginning and as of October 1, 1919. Appellee, Brintle, appealed from valuation by the adjusters to the county board of revenue, which authority, on trial de novo, fixed the valuation at $9,000. From this judgment of the board of revenue the state, the plaintiff, appealed to the circuit court, where, on trial de novo, the jury fixed the valuation at $9,000, as "sixty per cent. of the reasonable cash value of the property."

[1] The system provided by the Revenue Law of 1919 (Gen. Acts, pp. 282, 296, et seq., 308 et seq.) requires, among other things, the taxpayer to list his property or properties with the assessor and to give that official an "estimate," without oath, of the value of each item on the list. Revenue Law, § 47. The affixing of valuations for taxation is made the duty of the county adjuster, or board of adjusters. The assessor does not perform this function. Sections 86, 87. After publication by the assessor of notice of the completion of valuations by the adjusters, the adjusters are required to sit on the first Monday in June of every year to correct errors in assessments or valuations, and to hear "objections" by taxpayers to assessments or valuations theretofore made. Sections 88, 89; Mooring v. State (Ala. Sup.) 91 South. 869.[1] At such annual hearings before the adjusters the inquiry is initiated and instituted by the "objection" of the taxpayer, and he is assured the right to "produce evidence in support" of his objections. Section 89. The taxpayer is the actor on such hearing, and upon him rests the obligation and burden initially to support his objections. The adjusters may then examine the complaining taxpayer, and take other evidence, with a view to ascertaining the reasonable cash value of the subject of the objection, increasing or diminishing the valuation, and affixing the taxable valuation at 60 per cent. of the reasonable cash value of the property. Section 89. If the taxpayer offers no evidential support to his "objection," the valuation originally affixed by the adjuster or board of adjusters stands as the taxable value of the property. If the taxpayer's objection is overruled by the adjuster or board of adjusters, the taxpayer may appeal to the county board of revenue or the court of county commissioners, where the trial is de novo, anew. Sections 99, 104, 107.

The trial de novo on such appeal includes, initially, the inquiry presented and determined by the adjuster or board of adjusters, viz. that initiated and instituted by the "objection" of the taxpayer; the taxpayer being there, as on the hearing before the adjuster or board of adjusters, the actor up-

[1] Ante, p. 34.

on whom rests the obligation and burden initially to support with evidence the objection he interposes to the valuation affixed by the adjuster or board of adjusters. This is the meaning and effect of the system's provision for a trial de novo of the issue or inquiry originating before the adjuster or board of adjusters on a taxpayer's objection to the valuation of his property. Sullivan v. State, 110 Ala. 95, 20 South. 452; State v. S. S. S. & I. Co., 162 Ala. 234, 238, 50 South. 366; 4 Words and Phrases, Second Series, p. 1011. On the appeal of the taxpayer to the court of county commissioners or board of revenue, the valuation determined on the hearing of the taxpayer's objection is the object of the taxpayer's complaint (section 99); and, for the purposes of the trial de novo on such appeal, that valuation is to be treated and considered as affording the basis and object of the taxpayer's complaint, which it is the taxpayer's obligation to support with evidence at least tending to show that the valuation found by the adjuster or board of adjusters is excessive. The valuation the taxpayer would revise, through his appeal to the court of county commissioners or board of revenue, is but an element of the issue raised by the taxpayer's "objection," and not a fact or matter which the law invests with an evidential effect called a rebuttable presumption.

The system created by the Revenue Law of 1919 intends, evidently, the procedure and process stated, and so defines the inquiry and the issue in its initial stage. On such appeal the state, in its turn, is not bound by the adjuster's valuation; the members of the court of county commissioners or board of revenue being specially sworn to "fix the valuation of all property * * * submitted for valuation * * * at sixty per cent. of its reasonable cash value," etc. Section 100. Sections 104 and 105 conclude to a like effect. Though differing in some respects from the statutory status considered in T. C. I. Co. v. State, 141 Ala. 103, 108, 37 South. 433, the substance of the there-given definition of that system is generally applicable and authoritative under the present system.

[2] On appeal, by either the state or the taxpayer, to the circuit court, from the action of the court of county commissioners or board of revenue, the like procedure, process, and inquiry is designed by the provisions of section 108 of the Revenue Law of 1919; the trial there being de novo, and referable to the original status without any regard to the judgment of the court of county commissioners or board of revenue in the premises. T. C. I. Co. v. State, 141 Ala. p. 108, 37 South. 433. In both courts, to which appeals may be taken, the papers and books used or made by or that were before the adjuster or board of adjusters are admissible for their service in disclosing the issue and pointing the inquiry, which is, ultimately: What was the reasonable cash value of the property on the 1st day of the preceding October?

[3, 4] Special charges 1 and 2, given at the instance of the taxpayer (appellee), are reproduced in the report of the appeal. The first, numbered 1, conformed to the provisions of the Revenue Law of 1919. The omission to refer the duty's discharge to the evidence before the jury did not render it erroneous. If it was apprehended that the charge might mislead, an explanatory instruction should have been requested. Mansfield v. Morgan, 140 Ala. 567, 573, 574, 37 South. 393; Hall v. Posey, 79 Ala. 84, 96. The other, numbered 2, was justified by the doctrine, often stated here, more recently in U. S. v. Goodloe, 204 Ala. 484, 486, 86 South. 546. Testimony respecting value being but opinion evidence, neither the judgment of experts nor of others is conclusive or binding on the jury, or the court trying the issue of value without jury. Loveman's Case, 149 Ala. 515, 43 South. 411, treating charge 40, is without application to special charge 2, given for this appellee.

[5, 6] Upon the request of defendant, appellee, this instruction was given:

"A. I charge you, gentlemen of the jury, that, after considering all the evidence in this case, you are at liberty to disregard the presumption of the board of tax adjusters as to the assessed value of the property, and that you may ascertain the value of the property as shown by the testimony of the witnesses."

It is insisted that this instruction (A) was erroneously given. The charge is faultily constructed in respect of the phrase referring to "the presumption of the board of tax adjusters as to the assessed value of the property." Under the system provided by the Revenue Law of 1919, there is no evidential presumption of the correctness of the valuation made by the adjusters, though as has been stated, that valuation is made by the system's provisions an element of the inquiry raised by the taxpayer's objection. In view of the fact that the court gave for the state the charge to be presently quoted, no prejudice resulted to the state from the giving of charge A at defendant's request. Charge 1, given for the state, reads:

"(1) The court charges you that the final assessment on the defendant's property, made by the county board of tax adjusters, as contained in the official record submitted to you, is presumptively correct, and the burden is on the defendant to show to the contrary."

The last sentence in charge A effectually expressed the idea that the value of the property was ascertainable by recourse to the testimony of the witnesses, such testimony being offered by both parties.

[7] To the state's witness Dryer—chairman of the county board of adjusters, and

shown to be qualified to testify as to the values of real estate in the city of Birmingham—were propounded these questions:

"Q. What was the valuation fixed by the board of adjusters on each of the lots adjoining said west half of lot seventeen (17), without the improvements?"

"Q. What, in your opinion, was the reasonable cash market value, on October 1, 1919, of each one of said lots adjoining said west half of lot seventeen (17) without the improvements?"

The court sustained defendant's objections to these questions. The action of the circuit court in excluding the question first quoted above was justified by Alabama Land Co. v. Commissioners, etc., 95 Ala. 105, 107, 108, 10 South. 550.

[8] The second question quoted above was likewise well excluded. The decision last cited—which is here presented as authority for appellant's assertion of error—does not conclude against the correctness of the trial court's ruling in that particular. As appears from the opinion in Alabama Land Co. v. Commissioners, etc., supra, the view that, "perhaps," evidence of the market values of neighboring properties was admissible on the issue of the value of the property in question, was based entirely upon the use of the word "surroundings" in the law then applicable. It does not appear that that term, or one similar to it, is employed in the present Revenue Law, with the effect of widening the range of competent evidence to show value; and we have been cited to no authority, and our investigation has discovered none, to justify evidence of the value of neighboring properties. The price at which like properties, similarly circumstanced, have been sold about the time in question, has been found acceptable evidence on the issue of the assessable value of the property under inquiry. T. C. I. Co. v. State, 141 Ala. 103, 109, 110, 37 South. 433. But, aside from these considerations, the question last quoted did not contain any reference to the similitude in situation, etc., of the adjacent lots to the defendant's lot, and it does not appear that the state offered to show the essential likeness. The court did not err in excluding the latter (second) question to the witness Dryer. Whether evidence of the value of neighboring, like properties, as well as the amount at which they are assessed, would be evidence on an issue of uniformity vel non, is a question not presented on this appeal.

According to the doctrine of Cobb v. Malone, 92 Ala. 630, 9 South. 738, and later repetitions of its rule, this court cannot affirm error of the trial court's action in overruling the state's motion for a new trial. Viewing the matter with the utmost favor to the state's contention for a higher value, the evidence was in conflict. It was the jury's peculiar province and function to determine what the reasonable cash value was as of October 1, 1919.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE, SOMERVILLE, GARDNER, and MILLER, JJ., concur.