241 So.2d 844

Florence G. ESKRIDGE

v.

MARENGO COUNTY BOARD OF EQUALIZATION et al.

2 Div. 2.

Court of Civil Appeals of Alabama.

Nov. 18, 1970.

MacDonald Gallion, Atty. Gen., Willard W. Livingston, Asst. Atty. Gen., and Counsel, Dept. of Revenue, Herbert I. Burson, Jr., Asst. Atty. Gen., and Asst. Counsel, Dept. of Revenue, for appellees.

Edward E. Partridge, Demopolis, for appellant.

WRIGHT, Judge.

Appellant is the owner of some 720 acres of timberland in the northern part of Marengo County, Alabama. The Tax Equalization Board of Marengo County entered an ad valorem tax assessment for the tax year 1969 upon appellant's property in the amount of $15.00 per acre. Protest of the assessment was filed by appellant and was overruled by the Board. Appeal from the denial of the protest was duly filed by appellant in the Circuit Court of Marengo County. The Board demanded a trial by jury and trial was held on October 20, 1969. Verdict of the jury upheld the assessment of the Board, and judgment was entered in accordance therewith on October 20, 1969. Appeal to this Court followed without motion for new trial.

It was apparently the purpose of appellant at the trial to attack the assessment against her property by (a) introducing evidence that the fair market value of the property was not sufficient to support an assessment of $15.00 per acre (b) that the assessment was set arbitrarily by the Board without consideration of the necessary elements determinative of fair market value (c) that the assessment was discriminatory as compared to assessments of similar property in the county.

Appellant presented evidence of the type of soil, present use and topography of her land. The evidence tended to show that the land was all in timber and had been for many years; that it was rolling or hilly, with a thin acid soil that was best suited for growing timber; that it was largely inaccessible except by 4-wheel drive vehicles; that it had been assessed the previous year at $7.50 per acre.

A letter from the Board of Equalization to the tax assessor was introduced in evidence. This letter directed the assessor to assess all lands in Marengo County at specific amounts according to location in township, range and section. The minimum assessment per acre was $10.00, with some land ranging upward to $30.00 per acre. Land located in the limits of certain towns was to be assessed at not less than $100.00 per acre.

It was the purpose of the Board to bring all assessments up to 25% of fair market value.

Testimony of the manager of appellant's property was that the land was worth $25.00 per acre for the growing of timber. There was evidence that a lease of the land had recently been executed, the lease to run forty years at an annual rental of $5.00 per acre. If the consideration for the lease were to be capitalized at 8%, the value would be $62.50 per acre.

The manager was qualified as an expert appraiser, and stated that in order to properly appraise the fair market value it would be necessary to consider recent sales of comparable property in the area. Objection to evidence of comparable sales was made, and the court directed appellant that evidence of such sales was not admissible and would not be allowed.

It is the refusal of the trial court to allow testimony on direct examination by appellant's witnesses that comprises the main thrust of appellant's argument on this appeal.

It is the appellees' contention that testimony as to sales of other comparable property in the area is inadmissible in determining the fair market value of the property of the taxpayer. The trial court was clearly of the same opinion as shown by the following exchange with counsel for appellant during trial.

"MR. PARTRIDGE: And you will not allow us to give any comparables, is that correct?

"THE COURT: That's the law. I'm sorry."

In support of this proposition of law, appellee cites and quotes at length from the case of Alabama Mineral Land Co. v. Commissioners' Court of Perry County, 95 Ala. 105, 10 So. 550.

■ That case is not authority for the ruling of the trial court in denying the admission of evidence as to sales of comparable property. The question there involved was the admission of assessed valuations of other property as shown by tax books. The assessed valuation of other property, whether made by the taxpayer or by assessing authorities, is clearly inadmissible to tend to show fair market value of the instant property. Such value would merely be a declaration by the owner of that particular tract, and while competent evidence against himself, would have no competence in relation to the fair value of the property of another.

Such is the holding in *Alabama Mineral Land Company*, supra. The fact is that the opinion in Alabama Mineral Land Company, just preceding the ruling as to admissibility of other assessed valuations stated the following:

" * * * In fixing the taxable value of lands, it would perhaps be proper to receive evidence of the value of similar property, under similar conditions, as a feature of the 'surroundings,' within the meaning of that expression as used in the statute, and as affording a criterion from which the value of the property in question could be deduced. * * * The assumption that such proof would be admissible brings us to the question raised by the assignments of error in this case. * * * "

Though the above quotation might be considered dicta, the question was affirmatively answered in the cases of Tennessee Coal, Iron & R. Co. v. State, 141 Ala. 103, 37 So. 433; Ladd v. Ladd, 121 Ala. 583, 585, 25 So. 627; State v. Brintle, 207 Ala. 500, 93 So. 429; Stovall v. City of Jasper, 215 Ala. 300, 110 So. 317.

The admissibility of voluntary sales of similar property is clearly admissible as independent evidence of the value of land taken in a condemnation proceeding. We can see no distinction between determining fair market in condemnation cases and determining fair market value for tax assessment. Fair market value should be the same in either instance. It is well recognized that the market data or comparative sales approach to determining the value of real estate is the most widely used and best understood.

I quote from an article written by Honorable Maurice F. Bishop in the October 1970 Alabama Lawyer, entitled "Condemnation Trial Techniques," page 408:

"In Robards v. State, 284 S.W.2d 47 [285 S.W.2d 247], the Court of Civil Appeals of Texas noted and held:

'Actual sales are much more reliable in establishing value than opinions of experts and we believe are given much more weight by the [juries].' "

Mr. Bishop explains that there are three approaches to market value used by appraisers. They are (a) the market data or comparative approach (b) the cost approach (c) the income or capitalization approach.

In the instant case, appellant was denied proof of market data or comparative method, but produced proof of the income or capitalization approach. It was from the latter approach that a value of $62.50 or $52.50 per acre was derived. We refer to the latter evidence only to show that there was evidence presented to the jury by appellant of market value of the assessed property, though not by comparable sales.

■ It is only logical, that since recent sales of the same or comparable property are considered by professional appraisers in determining fair market value, the court or jury, charged with the same duty, be allowed to consider them also. We hold it error for the trial court to have refused admission of testimony as to sales of comparable property, assuming such sales were not too remote in time and geography, and were of lands substantially similar to that of appellant.

The record discloses nothing to indicate whether sales which appellant intended to introduce could have met the necessary qualifications for admission as comparable sales. They were called comparable sales, but the record does not disclose any further information about them. Whether they were so remote in time as to be inadmissible would have been largely a matter for the court's discretion. It would further have been within the province of the court to determine if such sales were of lands sufficiently similar as to size, typography, fertility, accessibility, use and many other pertinent criteria, as to be acceptable as comparable to the land of appellant.

In view of the testimony of the manager of appellant's property, Mr. E. O. Eddins, Sr., that he was a qualified appraiser, and that one of the elements considered by him in reaching his valuation of the property was comparable sales, the jury had before it indirect evidence of comparable sales. Further, since appellant placed nothing in the record to indicate that the sales sought to be introduced would qualify evidentially as comparable sales, we consider there is no indication that the court's refusal to allow testimony as to comparable sales caused injury to appellant.

Appellant, though showing error in the trial below, has the additional burden of showing that such error probably resulted in injury to her substantial rights, Supreme Court Rule 45; Pacific Fire Ins. Co. v. Overton, 256 Ala. 400, 55 So.2d 123. Presumably, the comparable sales sought to be shown by appellant would have indicated a value in the approximate amount of $25.00 per acre, the value of appellant's land as stated in the opinion of witness Edkins, Sr. The same witness, using capitalization of rental income approach, give a value of $62.50 per acre. The jury, as indicated by its verdict, did not accept exactly either evaluation. However, $15.00 is approximately 25% of $62.50. The jury is not bound by the opinions of witnesses as to value. "Experts' judgments or skilled witnesses' inferences are not conclusive on jury, though unanimous and uncontroverted, but may be disregarded by it, unless subject is for experts only and jury cannot be assumed to have, or be able to form, correct opinions concerning it." Commonwealth Life Ins. Co. v. Harmon, 228 Ala. 377, 153 So. 755; Pollard v. Treadwell, 234 Ala. 615, 176 So. 452; Rountree Farm Co. v. Morgan County, 249 Ala. 472, 31 So.2d 346.

Appellant further charges that the evidence showed prejudice and discrimination against appellant by the Board in the assessment of her property, and that such was violative of the uniformity of taxation section of the Alabama Constitution, to-wit, Section 211. We cannot agree.

The application of Section 211 to assessment of lands for taxation was made clear in the case of Hamilton v. Adkins, 250 Ala. 557, 35 So.2d 183. It was there stated, " * * * it is necessary that the action of the administrative officials be more than mere error in judgment or result in more than inequality in valuation. It must be shown that the officials are chargeable with a purpose or design to discriminate by a systematic method. * * *"

The opinion in Hamilton v. Adkins, supra, further states there must be shown fraud, bad faith or evil design by the board, systematically applied, to value other taxpayers property below its real value, as opposed to assessing that of the appellant above its fair value.

The burden of such showing is upon the protesting taxpayer, and the sufficiency of such proof is for the jury. Obviously, the jury in this case did not consider the proof as sufficient. In the absence of a motion for new trial, the sufficiency or preponderance of the evidence is not reviewable on appeal.

The judgment below is affirmed.

Affirmed.