BarNey, Judge,
dissenting:
The plaintiff, after more than four years’ service as an enlisted man, became clerk to the paymaster at Mare Island Navy Yard, Cal., March 17, 1913, and has served in that capacity from that date to the present.
He has been paid at the rate allowed to a warrant officer of like length of service, as provided by the acts of 1908 and 1910, but claims in this suit the old Navy pay allowed paymasters’ clerks by Revised Statutes, section 1556, which, *359 in his case, is higher than that of a warrant officer. These statutes are as follows:
Revised Statutes, section 1556:
“ The commissioned officers and warrant officers On. the active list of the Navy of the United States, and the petty officers, seamen, ordinary seamen, firemen, coal heavers, and employees in the Navy shall be entitled to receive annual pay at the rates herein stated after their respective designations : * * *
“ Clerks to paymasters at navy yards, Boston, New York, Philadelphia, and Washington, $1,600; Kittery, Norfolk, and Pensacola, $1,400; Mare Island, $1,800.”
Act of May 13,1908, 35 Stat. L., 128:
“ The pay of all warrant officers and mates is hereby increased twenty-five per centum, and all paymasters’ clerks shall, while on duty, receive the same pay and allowance as warrant officers of like length of service in the Navy. * * *
“ Nothing herein shall be construed so as to reduce the pay or allowances now authorized by law for any commissioned, warrant, or appointed officer or any enlisted man of the active or retired lists of the Navy, and all laws inconsistent with this provision are hereby repealed.”
It will be seen by the statutes quoted that section 1556, Revised Statutes, provides that the salary of a paymaster’s clerk at Mare Island is fixed at $1,800 per annum, while the act of May 13,1908, 35 Stat. L., 128, in the first clause quoted makes a general provision for the salary of all paymasters’ clerks, which it seems reduces the salary of that officer at Mare Island. This clause is followed by another, in which it is provided that “ nothing herein shall be construed so as to reduce the pay or allowances now authorized by law for any commissioned, warrant, or appointed officer or any enlisted man of the active or retired lists of the Navy”; and the sole question for decision in this suit is whether this last clause quoted secures to the plaintiff a salary of $1,800 per annum while serving as paymaster’s clerk at Mare Island. It is contended by the defendants that it does not for the reason that the plaintiff was appointed as such paymaster’s clerk at Mare Island after the passage of the act of May 13, 1908, and hence does not come within the last saving clause, it being argued that such clause has reference only to such *360 officers therein named as were in the service as such officers on May 13,1908, and has no application to officers thereafter entering the service; and that it does not affect the salary attached to the office at Mare Island or any other place, but only to a certain class of officers and that class being those officers then on duty.
This may be said to be an epitome of the act of May 13, 1908. It made provision for the salaries of certain officers of the Navy and repealed all other laws upon the same subject-inconsistent with its provisions, but provided that the salary of no officer of the Navy should be thereby reduced.
We sometimes confound the salary belonging to an office with the salary of the incumbent of the office. For example, we might speak of the salary of the office of paymaster’s clerks at Mare Island in an entirely impersonal sense, but in law and in fact it is the salary of the officer who holds that office, for it is for him that the salary is provided. That officer at the time of the passage of the act of May 13, 1908, was an officer of the Navy, and if the salary he was then receiving was more than he would get by the provisions of the first clause quoted of that act, then it was to have no effect upon such salary; neither was the final repealing clause of the act to have any effect upon that salary. Any incumbent of that office appointed subsequent to the enactment of the law in question is no less an officer of the Navy whose salary it is provided shall not thereby be decreased.
Section 1556 provides that the salary of the clerk to the paymaster at Mare Island shall be $1,800, and the saving clause of the act in question provides that such act shall not be construed to reduce that salary; not the salary of the then incumbent of the office, but the salary of the paymaster’s clerk at Mare Island whoever he may be. If it operated to increase his salary it might do so, but it must not decrease it. This is the spirit of the law as well as its letter. Congress had already provided for different salaries for these officers at different stations, doubtless for good reasons. It concluded that the salaries of some of these officers were too small, so it passed an act the effect of which was to raise them generally, but seeing that it might decrease the salary of some *361 of them which were not deemed too high the saving clause was added. In short, the statute was passed to increase the most of the salaries of these officers and decrease none. If it had been intended to have this statute only to apply to officers then on duty, that intention could easily have been stated by the simple insertion of the word “now” as was done in the Navy personnel act of 1899, 30 Stat. L., 1007; and the fact that that was done in the latter instance and not in the former is significant of the intention of Congress.
When a statute is expressed in general terms and in words of the present tense it will as a general rule be construed to apply not only to things and conditions existing at its passage, but will also be given a prospective interpretation, by which it will apply to such as come into existence thereafter. 30 Cyc. L. & P., 1235; Davis v. Mobile Bank. 12 Ala., 463. In the latter case the statute in question provided that “ all the notes, bills, etc., held by the State bank ” might be collected in a certain manner, and it was held that this statute applied equally to notes executed at the time of its passage and to those subsequently executed.
I conclude that the statute in question applied not only to the officers of the Navy in office at the time of its enactment, but to those subsequently appointed.